# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
11/21/2018
CT Log Number 534452391

TO: Angela Aizawa
Verizon Communications Inc.
1 Verizon Way
Basking Ridge, NJ 07920-1097

RE: **Process Served in New York**

FOR: Verizon Communications Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAMES FISCHER, Pltf. vs. VERIZON NEW YORK, INC. and VERIZON COMMUNICATIONS, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 1604042018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/21/2018 at 11:46 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | James Fischer<br>99 Wall St Suite 1956<br>New York, NY 10005<br>917-628-4052 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/22/2018, Expected Purge Date: 11/27/2018<br><br>Image SOP<br><br>Email Notification,  Alice Burke  alice.burke@verizon.com<br><br>Email Notification,  JACK MINNEAR  jack.minnear@verizon.com<br><br>Email Notification,  David Haga  david.haga@verizon.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 111 8th Ave Fl 13<br>New York, NY 10011-5213 |
| **TELEPHONE:** | 212-590-9070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   New York
------------------------------------------------------

James Fischer

                    Plaintiff(s),

         *-against-*

Verizon New York, Inc,
Verizon Communications, Inc.

                 Defendant(s).
------------------------------------------------------

Index No.   160404/2018

**Summons**

Date Index No. Purchased:   November 8, 2018

To the above named Defendant(s)

    Verizon New York, Inc. - 140 West St 20th Floor New York, NY 10007
    Verizon Communications, Inc. - 1095 Avenue of the Americas (6th Ave) New York, NY 10036

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of venue is   CPLR §301
which is   All parties are located in and do business in New York County

Dated:   New York, NY

       November 8, 2018

                        Plaintiff pro se
                        by
                        James Fischer
               Attorneys for Plaintiff
                   99 Wall St Suite 1956
                   New York, NY 10005
                   917-628-4052

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** New York
-----------------------------------------------------------------x
James Fischer

                            Plaintiff/Petitioner,

          - against -                                    Index No.    **160404/2018**
VERIZON NEW YORK INC. and
VERIZON COMMUNICATIONS, INC
                            Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING

**You have received this Notice because**:

> ● The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

> ● You are a Defendant/Respondent (a party) in this case.
>               (CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney**: give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney:   you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

**Benefits of E-Filing**
You can:

> ● serve and file your documents electronically

> ● view your case file on-line

> ● limit your number of trips to the courthouse

> ● pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

● visit: www.nycourts.gov/efile-unrepresented or

● go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either:

    1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

    2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 11/8/18

James Fischer

        Name                           99 Wall St  Suite 1956, New York NY 10005

                                                  Address

        Firm Name

                                  917-628-4052

                                            Phone

                                  jamesfischer@gmail.com

                                          E-Mail

To:   VERIZON NEW YORK INC.

       VERIZON COMMUNICATIONS

                                          11/20/17

## SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF NEW YORK

| | |
|---|---|
| JAMES FISCHER, | |
| Plaintiff | Case: |
| v. | |
| VERIZON NEW YORK, INC. and | **VERIFIED COMPLAINT** |
| VERIZON COMMUNICATIONS, INC. | **AND DEMAND FOR JURY TRIAL** |
| Defendants | |

James Fischer ("*Plaintiff*"), brings this Complaint for damages, injunctive relief, attorney's fees, if required, and other available legal and equitable remedies. This case arises from the illegal actions of Defendants (collectively, "*Verizon*") in persistently robocalling Plaintiff's home telephone, without prior express consent, in violation of NY GBS §399-p. Statutory jurisdiction exists for this Court to also hear claims both under the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), and the associated FCC regulations, 47 CFR § 64.1200, et seq. Plaintiff alleges as follows on personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information in public records, the logs of Ooma, Inc (Plaintiff's telephone service provider), and on evidence to be presented at trial.

### NY GBS §399-p and the TCPA

1. NY GBS §399-p regulates telemarking.  Violators are liable for damages in civil actions.

2. The TCPA specifically confers jurisdiction on State courts and applies State laws and rules to TCPA cases (47 USC §§ 227(b)(3), (c)(5)).  "*A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State...*"

3.  The TCPA prohibits the "initiat[ion of] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 USC § 227(b)(1)(B).

4.  Congress specifically intended to protect consumers from exactly what Verizon did here:

    *"[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."* (TCPA, Pub.Law No. 102–243, § 11)

5.  The TCPA provides that the FCC "*shall prescribe regulations to implement the requirements...*" in 47 USC § 227(b)(2). Accordingly, the FCC wrote regulations for calls and messages using artificial/prerecorded voices in 47 CFR § 64.1200(c) and 47 CFR § 64.1200(d)

6.  The TCPA also includes a private right of action, actual damages, statutory damages, and also trebled statutory and actual damages.

7.  In addition to the restrictions on automated telephone equipment use, the TCPA instructs the FCC to issue regulations to allow telephone subscribers "*to avoid receiving telephone solicitations to which they object*" in 47 USC § 227(c)(1).

8.  Accordingly, the FCC issued regulations prohibiting "initiating any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted... ...procedures for maintaining" a do-not-call list in 47 CFR § 64.1200(d).

9.  Relevant here, the regulations also require the telemarketer to (1) provide "*the name of the individual caller*," §64.1200(d)(4); (2) maintain its own internal do-not-call list, §64.1200(d)(6); and (3) honor a person's request not to be called, §64.1200(d)(3). Subsection (c) also includes a private right of action, actual and statutory damages, with trebled damages for "*each such violation*" of both the TCPA Statute and the FCC regulations.

10. H.R. 3541 became Public Law 110–187, the "Do-Not-Call Improvement Act of 2007" on 2/15/08, eliminating "renewal" of registrations every 5 years. One need only register once to permanently remain on the National Do Not Call Registry at http://donotcall.gov

### The Parties

11. Plaintiff James Fischer lives in Manhattan, New York City, NY.

12. Upon information and belief, Defendant Verizon Communications, Inc. has its principal place of business at 1095 Avenue of the Americas, New York, NY 10013, and is a Delaware Corporation, doing continuous and extensive business in New York, and registered in New York under DOS ID # 2090088.

13. Upon information and belief, Defendant Verizon New York Inc. is a corporation organized under the laws of the State of New York, with its office at 140 West St, New York, NY, under the active and complete control of Verizon Communications, Inc.

### Jurisdiction and Venue

14. This Court has jurisdiction over the Defendants per CPLR §301. Venue is in New York County, the residence of the Plaintiff and Defendants' primary places of business.  If the Delaware Corporation is held to not have a New York "place of business" despite the NYC office tower where the board of directors meets, then NY CPLR 302(a)(3) applies, as Defendants committed tortious acts without the state causing injury to person or property within the state.

### Monetary Jurisdiction

15. NYCCA § 202 has a limit of $25,000.  This case is properly before the Supreme Court.

**The Facts**

16. On Jan 6, 2005, Plaintiff registered his home landline phone number "212-410-2200" on the National Do Not Call Registry. The number remains on the Registry to this day. This may be verified at http://www.donotcall.gov/confirm/conf.aspx

17. In Dec 2009, Plaintiff ported his home phone service to Ooma. Plaintiff used Earthlink DSL and Time Warner Cable phone services before then. Neither Plaintiff nor his wife ever purchased any products or services from Verizon. Neither Plaintiff nor his wife ever requested any information from Verizon. Neither Plaintiff nor his wife ever visited a Verizon store.

18. Ooma maintains logs calls for Plaintiff's phone extending back to at least 2011. These logs include both the calling number and also include caller-id information, when provided

19. These logs are created and stored by Ooma, even if, as in Plaintiff's case, the customer's phone does not have a caller-id display. Plaintiff was unaware of the call logging for years.

20. Plaintiff's home landline served primarily as a "hotline" for calls from/about elderly parents, Plaintiff's mother-in-law, in her 90s and living on her own in Bayonne NJ, and Plaintiff's own parents, in their 80s, in Virginia. The landline was also the first number to be called by a "Lifeline" service (panic buttons and fall-detection pendants worn by the elderly).

21. Plaintiff's personal and business phone calls were to and from his cell phone. Plaintiff did not give out the landline number to anyone but family, so as to keep it free for the use of his parents and mother-in-law. Plaintiff's wife also used her cell phone for personal and business calls, and did not give out the home landline number.

22. Plaintiff worked from home, and would interrupt his work to answer the landline.

23. At some point after 2008, Verizon installed FiOS services in Plaintiff's co-op apartment building. This did not establish any relationship between Plaintiff and Verizon, but this did make co-op resident shareholders attractive targets for Verizon's marketing efforts.

24. Verizon was not given any resident contact information by the property management firm, by any building employee, or any resident, as the co-op has very a strict privacy policy and tight data-access controls. Regardless, commercial mailing-list brokers would have nearly everyone's names, addresses, and phone numbers, despite best efforts to keep such information private.

### The Calls Made By Defendants Violated Multiple Laws and Regulations

25. Starting in 2011, Plaintiff received "robocalls"- recorded messages selling Verizon services on his home landline. This was disruptive - each call was assumed to be a high-priority call from an elderly parent, or the Lifeline service. Each call had to be answered immediately.

26. Some calls are transcribed in Exhibit B, with YouTube links for audio. Exhibit C lists the calls.

27. Each robocall was a recording of a voice selling Verizon's products, made to Plaintiff's residence, dialed by a machine, and willfully made without Plaintiff's prior express consent. (see 47 USC §227 (b)(1)(B) and CFR § 64.1200(a)(3) ).

28. Each robocall was made despite the fact that Plaintiff's number had been on the federal Do Not Call List for years. (See 47 USC §227(c)(5) and CFR §64.1200(c)(2) ).

29. Plaintiff sent a cease and desist letter to Verizon's NYC headquarters (see Exhibit C). After getting no reply from Verizon, he started noting the dates and times of the Verizon robocalls, and recording some.

30. The robocalls continued, unabated.

**31.** Plaintiff sent more C&D letters to Verizon, but none were ever even acknowledged (see Exhibit C).

**32.** Multiple robocalls were made each year between 2012 and 2017 inclusive, despite the letters and calls demanding that Plaintiff be added to Defendants' internal Do Not Call List. (see 47 CFR § 64.1200(d)(6)  and 47 USC § 227(c)(1) ).

**33.** Plaintiff became so familiar with the voice of "Tracy from Verizon", he even noticed when a new actress with a different voice became the voice of the fictional "Tracy".

**34.** None of the calls included a mailing address (see NY GBL 399-p(3)(a) ).

**35.** All robocalls were auto-dialed by a machine, or sequentially/randomly dialed by a machine, rather than manually dialed by a human (see NY GBL 399-p(4) ).

**36.** Defendants' acts in (33) and (34) above were, at all times, knowing and willful, as Defendants are experts in telecommunications, with massive marketing arms.

**37.** All robocalls were made after Plaintiff's phone number had been on the Do Not Call List for multiple years.

**38.** Multiple robocalls were made each year between 2011 and 2017, inclusive.

**39.** At no time was Plaintiff's phone number provided to Verizon by Plaintiff or his wife.

**40.** At no time did Plaintiff or anyone else consent to calls of any type from Verizon.

**41.** No robocalls gave the true name of the individual caller, instead using aliases such as "Tracy" and "Kate" (see §64.1200(d)(4) ).

**42.** No robocalls gave the correct name of the entity on whose behalf the call is being made. There are multiple entities that each might be reasonably be called "Verizon", but none

specifically named "Verizon", with 40 variants registered in NY alone (see Exhibit D, 47 CFR 64.1200(b)(1), and 47 USC § 227(c) ).

43. Plaintiff wrote to the NY attorney general's office of consumer affairs, to no avail. Despite Plaintiff's repeated letters demanding that Verizon stop, at least 182 Verizon robocalls were made to Plaintiff's home landline between 2012 and the end of 2017.

44. In late 2017, Plaintiff gave up and unplugged the household phone.  Defendants' illegal acts had rendered the phone line more a distracting liability than an asset.

45. In early 2018, Plaintiff was made aware of the TCPA's "private right of action". Plaintiff contacted Ooma, learned of Ooma's call logs, requested the logs, and prepared this action.

46. Plaintiff's contemporaneous notes of dates and times of calls match the Ooma call log for the Verizon robocalls, and the voice-mail messages left by robocalls when Plaintiff was out.

### Defendants Are Well-Aware of the TCPA and NY GBS-399p, and their Illegal Robocalls Were Knowing, Premeditated, Deliberate, and Willful

47. Verizon is a phone company, and its web page about robocalls is here:

http://verizon.com/about/news/there-are-options-for-blocking-robocalls

48. On that page, Verizon sells profitable services claimed to help stop unsolicited calls and robocalls, such as "Caller Name ID" for $2.99 per month, and "Nomorobo" for $1.99 per month.

49. They also sell devices - the "CPR Call Blocker V5000" for $99.99, and the "CPR Call Blocker Shield" for $69.99.

50. Further, Verizon is a "common carrier".  47 USC 227(c)(3)(L) requires common carriers providing services to any person for the purpose of making telephone solicitations to notify such person of the requirements of the national do-not-call rules and the regulations.  This clearly includes the case where Verizon is both the carrier and the telephone solicitor.

**51.** Verizon, both required to notify telemarketers of the TCPA, and also selling products to halt or block robocalls cannot claim "mistake" or "ignorance" when they cynically engage in their own robocalling for over 6 years, ignoring all demands to stop.

**52.** Further still, Verizon is a member of the "Robocall Strike Force" organized by the FCC to combat robocalls, per the FCC report available at  http://fcc.gov/file/12311/download

**53.** This clear demonstration of actual knowledge of both the TCPA and NY law, combined with the selling of both goods and services to profit from their customers' anger and frustration at unsolicited sales calls, leaves no room for any conclusion but that Verizon's acts in this regard were both actively "Willful" and "Knowing".

**54.** Defendants' culpable actions to generate new business from new prospective customers like Plaintiff were exactly the same actions from which they offer to "protect" their customers for a fee.

**55.** Defendants installed FiOS in Plaintiff's co-op apartment building, and made a premeditated deliberate choice to call (and mail) to "wear him down" sufficiently to try their FiOS services.

**56.** Given the limited roll-out of FiOS in NYC, Defendants would logically market only to households where FiOS was actually available, so the selection of Plaintiff's phone number for Verizon's robocalls was deliberate.  It would make no sense to solicit households where FiOS service was not available, or to randomly call 212-area code numbers.

**Vicarious Liability**

**57.** The majority of violations at issue were initiated using Maryland phone numbers associated with Defendants. Some violations were initiated from Florida phone numbers associated with a subcontract call center.  As all violations were initiated on behalf of the New York-

based Defendants, and the FCC has ruled that under principles of agency, there is vicarious

liability for TCPA violations [1], Defendants are vicariously liable where they are not directly

liable for both the TCPA violations and the State law violations.

### Treble Damages Are Demanded For Defendants' Willful and Knowing Acts

58. The basis for treble damages in this case is the standard set forth in 47 USC § 312(f),

"Administrative Sanctions", in the same section of the US Code as the TCPA:

> (f) "'Willful' and 'repeated' defined
>
> For purposes of this section:
> a. The term "willful", when used with reference to the commission or omission of
> any act, means the conscious and deliberate commission or omission of such act,
> irrespective of any intent to violate any provision of this chapter or any rule or
> regulation of the Commission authorized by this chapter or by a treaty ratified by
> the United States.
>
> b. The term "repeated", when used with reference to the commission or omission
> of any act, means the commission or omission of such act more than once or, if
> such commission or omission is continuous, for more than one day."

### Similar Causes of Action Under 47 USC §227, 47 CFR § 64.1200, and NY GBS §399-p

59. 47 USC § 227(b)(3) and (c)(5) explicitly allows Plaintiff to bring actions under both 47 USC

and 47 CFR 64.1200, and allows trebled damages in both types of actions. The result is a

repetitive-looking set of causes of actions.  As 47 USC § 227(f)(1) states that the TCPA does

not preempt State law, violations of New York State law GBS §399-p are also pled.

60. NYCPLR § 213(8) defines a 6-year statute of limitations for fraud, and as GBS §399-p is part

of the "*Consumer Protection from Deceptive Acts and Practices*" law, defining Defendants'

---

[1] In re Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574 (2013)

acts as fraud on consumers, confirming that a 6-year statute of limitations exists for all

causes of action herein. The TCPA's "otherwise permitted by state law" language dictates

TCPA suits be brought in state courts, applying state law, including state statutes of

limitations. [2]

61. Exhibit A is a list of calls know to have been made by Defendants to Plaintiff. Numbered

calls fall within the statutory limits for at least one cause of action, totaling 182 calls.

### 1st Cause of Action - Negligent Recorded Voice Violations - 47 USC § 227(b)

62. Plaintiff incorporates the preceding statements as if fully set forth herein.

63. For Defendants' recorded voice violations of 47 USC § 227(b)(1)(B), Plaintiff seeks:

   a) Actual damages or $500.00 in statutory damages, for each of at least 179 violations, per 47 USC § 227(b)(3).
   b) Per 47 USC § 227(b)(3), injunctive relief prohibiting such conduct in the future.
   c) Any other relief the Court may deem just and proper

### 2nd Cause of Action - Knowing and Willful Recorded Voice Violations – 47 USC § 227(b)

64. Plaintiff incorporates the preceding statements as if fully set forth herein.

65. Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowing and willful recorded voice violations of

47 USC §227(b)(1)(B), Plaintiff seeks:

   a) Trebled actual damages, or $1,500.00 in statutory damages, for each of at least 179 violations, pursuant to 47 USC § 227(b)(3).
   b) Pursuant to 47 USC § 227(b)(3), injunctive relief prohibiting such conduct in the future.
   c) Any other relief the Court may deem just and proper.

---

[2] 47 USC 227(a)(3): "PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State…"

**3rd Cause of Action - Negligent Recorded Voice Violations – 47 CFR §64.1200(a)(3)**

66. Plaintiff incorporates the preceding statements as if fully set forth herein.

67. As a result of Defendants' negligent recorded voice violations of 47 CFR §64.1200(a)(3),

Plaintiff seeks:

    a) Actual damages or $500.00 in statutory damages, for each of at least 179 violations,
       pursuant to 47 CFR §64.1200(a)(3), as called for in 47 USC § 227(b)(3).
    b) Per 47 USC § 227(b)(3), injunctive relief prohibiting such conduct in the future.
    c) Any other relief the Court may deem just and proper.

**4th Cause of Action - Knowing and Willful
Recorded Voice Violations – 47 CFR §64.1200(a)(3)**

68. Plaintiff incorporates the preceding statements as if fully set forth herein.

69. Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowing and willful recorded voice violations of

47 CFR §64.1200(a)(3), Plaintiff seeks:

    a) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 179
       violations, pursuant to 47 CFR §64.1200(a)(3), as called for in 47 USC § 227(b)(3).
    b) Per 47 USC § 227(b)(3), injunctive relief prohibiting such conduct in the future.
    c) Any other relief the Court may deem just and proper.

**5th Cause of Action – Negligent Failure to provide the Identity of the Caller,
§ 64.1200(b)(1) and 47 USC § 227(c)**

70. Plaintiff incorporates the preceding statements as if fully set forth herein.

71. Verizon never identified the name of the actual individual caller. "Tracy from Verizon" was

clearly a pseudonym of a voice actress, one replaced by a new actress using the same name

after a few years.  Therefore, "Tracy" and "Kate" do not exist, and Verizon failed to identify

the actual name of the caller, violating § 64.1200(b)(1) and 47 USC § 227(c)(1).

72. Also, Verizon never identified the "*the entity... the name under which the entity is registered to conduct business with the state Corporation Commission*" per § 64.1200(b)(1), as "Verizon", while similar, is not "*the name... registered*". Accordingly, Plaintiff seeks:

    a) Actual damages or $500.00 in statutory damages, for each of at least 179 violations, pursuant to 47 USC § 227(c).
    b) Pursuant to 47 USC § 227(c), injunctive relief prohibiting such conduct in the future.
    c) Any other relief the Court may deem just and proper.

### 6th Cause of Action – Knowing and Willful Failure to provide the Identity of the Caller, § 64.1200(b)(1) and 47 USC § 227(c)

73. Plaintiff incorporates the preceding statements as if fully set forth herein.

74. Given Verizon's business as a telecommunications company, it was at all times fully aware of the TCPA, and its acts were at all times knowing and willful choices to not provide the Name of the Individual Caller, or the Name of the Entity, each violations of 47 CFR §64.1200(b)(1), and USC §227(c), Plaintiff seeks:

    a) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 179 violations, pursuant to 47 USC § 227(c).
    b) Pursuant to 47 USC § 227(c), injunctive relief prohibiting such conduct in the future.
    c) Any other relief the Court may deem just and proper.

### 7th Cause of Action – Negligent Failure to Provide an Automated Opt-Out Mechanism 47 CFR § 64.1200(b)(3)

75. Plaintiff incorporates the preceding statements as if fully set forth herein.

76. Verizon provided no automated opt-out mechanism as required in 47 CFR § 64.1200(b)(3) and USC §227(c). Providing a phone number is not compliant. Accordingly, Plaintiff seeks:

    a) Actual damages or $500.00 in statutory damages, for each of at least 179 violations, pursuant to 47 USC § 227(c).
    b) Pursuant to 47 USC § 227(c), injunctive relief prohibiting such conduct in the future.
    c) Any other relief the Court may deem just and proper.

### 8th Cause of Action – Knowing and Willful Failure to Provide an Automated
### Opt-Out Mechanism - 47 CFR § 64.1200(b)(3)

**77.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**78.** Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowing and willful choices to not provide an

automated opt-out mechanism as required in 47 CFR § 64.1200(b)(3) and USC §227(c).

Accordingly, Plaintiff seeks:

a) Actual damages or $1500.00 in statutory damages, for each of at least 179 violations,
   pursuant to 47 USC § 227(c).
b) Pursuant to 47 USC § 227(c), injunctive relief prohibiting such conduct in the future.
c) Any other relief the Court may deem just and proper.

### 9th Cause of Action – Negligent Failure to Honor a Written Request
### Not to be Called, 47 CFR § 64.1200(d)(3) and 47 USC § 227(c)

**79.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**80.** As Plaintiff made multiple written requests that Verizon stop calling, at least annually,

Verizon violated 47 CFR § 64.1200(d)(3) and 47 USC § 227(c), in that they failed to honor

written requests made directly to them to not call Plaintiff in each of at least 179 violations.

Plaintiff seeks:

a) Injunctive relief as described in 47 USC §227(c).
b) Actual damages or $500.00 in statutory damages, for each of at least 179 violations, per
   47 USC §227(c).
c) Any other relief the Court may deem just and proper.

### 10th Cause of Action – Knowing and Willful Failure to Honor
### a Written Request Not to be Called, § 64.1200(d)(3) and 47 USC § 227(c)

**81.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**82.** Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowingly and willfully in violation of regulation

47 CFR § 64.1200(d)(3), in that they failed to honor written requests made directly to them

to not call Plaintiff, Plaintiff seeks:

a) Injunctive relief as described in 47 USC §227(c).
b) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 179 violations, pursuant to 47 USC § 227(c).
c) Any other relief the Court may deem just and proper.

### 11th Cause of Action – Negligent Failure to Maintain A Company Do Not Call List - 47 CFR § 64.1200(d)(6) and 47 USC § 227(c)(1)

83. Plaintiff incorporates the preceding statements as if fully set forth herein.

84. As Plaintiff received more than one telephone call within each 12-month period from 2012

to 2017, inclusive, by, or on behalf of the Defendants in violation of regulation 47 CFR §

64.1200(d)(6), requiring Defendants to maintain a list of consumer's requests not to receive

further telemarketing calls, Plaintiff seeks:

a) Injunctive relief as described in 47 USC §227(c)(5)(A).
b) Actual damages or $500.00 in statutory damages, for each of at least 182 violations, pursuant to 47 USC § 227(c)(5)(B).
c) Any other relief the Court may deem just and proper.

### 8th Cause of Action - Knowing and Willful Failure to Maintain A Company Do Not Call List 47 CFR § 64.1200(d)(6) and 47 USC § 227(c)(1)

85. Plaintiff incorporates the preceding statements as if fully set forth herein.

86. Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowingly and willfully in violation of regulation

47 CFR § 64.1200(d)(6), requiring Defendants to maintain a list of consumer's requests not

to receive further telemarketing calls, Plaintiff seeks:

a) Injunctive relief as described in 47 USC §227(c)(5)(A).
b) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 182 violations, pursuant to 47 USC § 227(c)(5)(C).
c) Any other relief the Court may deem just and proper.

### 11th Cause of Action - Negligent Do Not Call Violations - 47 USC 227(c)(3)

**87.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**88.** USC § 227(c)(3) provides for a national do-not-call registry, and prohibits any such calls to

any "residential telephone subscriber" listed on the registry. As a result of Defendants'

negligent violations of this regulation, Plaintiff seeks:

a) Actual damages or $500.00 in statutory damages, for each of at least 179 violations,
   pursuant to 47 USC § 227(c)(3)(f) and 47 USC § 227(c)(5)(B) .
b) Pursuant to 47 USC § 227(c)(5)(A), injunctive relief prohibiting such conduct in the
   future.
c) Any other relief the Court may deem just and proper.

### 12th Cause of Action - Knowing and Willful Do Not Call Violations - 47 USC 227(c)(3)

**89.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**90.** Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowing and willful Do Not Call violations of 47

USC 227(c)(3), Plaintiff seeks:

a) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 179
   violations, pursuant to 47 USC § 227(c)(3)(f) and 47 USC § 227(c)(5)(C).
b) Pursuant to 47 USC § 227(c)(5)(A), injunctive relief prohibiting such conduct in the
   future.
c) Any other relief the Court may deem just and proper.

### 13th Cause of Action - Negligent Do Not Call FCC Regulation Violations - 47 CFR § 64.1200

**91.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**92.** FCC regulations provide for a national do-not-call registry, and prohibit any such calls to any

"residential telephone subscriber" listed on the registry, 47 CFR §§ 64.1200(c)(2). As a result

of Defendants' negligent violations of this regulation, Plaintiff seeks:

a) Actual damages or $500.00 in statutory damages, for each of at least 179 violations,
   pursuant to 47 USC § 227(b)(3)(B).

b) Pursuant to 47 USC § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c) Any other relief the Court may deem just and proper.

### 14th Cause of Action - Knowing and Willful Do Not Call FCC Regulation Violations – 47 CFR § 64.1200

**93.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**94.** Given Verizon's business as a telecommunications company, it was at all times fully aware

of the FCC regulations implementing the TCPA, and its acts were at all times knowing and

willful Do Not Call violations of 47 CFR § 64.1200 Plaintiff seeks:

a) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 179 violations, pursuant to 47 USC § 227(b)(3).

b) Pursuant to 47 USC § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c) Any other relief the Court may deem just and proper.

### 15th Cause of Action – Negligent Multiple Call Violations - 47 USC § 227(c)

**95.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**96.** As a result of Defendants' negligent making of more than one call within any one 12-month

period in violation of 47 USC § 227(c)(5), seeks:

a) Actual damages or $500.00 in statutory damages, for each of at least 182 violations, pursuant to 47 USC § 227(c)(5)(B).

b) Pursuant to 47 USC § 227(b)(5)(A), injunctive relief prohibiting such conduct in the future.

c) Any other relief the Court may deem just and proper.

### 16th Cause of Action – Knowing and Willful Multiple Call Violations - 47 USC § 227(c)

**97.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**98.** Given Verizon's business as a telecommunications company, it was at all times fully aware

of the TCPA, and its acts were at all times knowing and willful Multiple Call violations of 47

USC § 227(c)(5) Plaintiff seeks:

a) Trebled actual damages or $1,500.00 in statutory damages, for each of at least 182 violations, pursuant to 47 USC § 227(c)(5)(C).

b) Pursuant to 47 USC § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

c) Any other relief the Court may deem just and proper.

### 17th Cause of Action – Negligent Lack of Address Violations - NY GBS §399-p(3)

**99.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**100.** The Telemarking promotion, regardless of where the robocalling equipment is located,

is "within the state", as it is on behalf of a NY business, selling to NY customers.

**101.** As none of Defendants' robocalls included any mailing address at the end, or anywhere

else in the message, in violation of NY GBS §399-p (3)(a), Plaintiff seeks:

a) Actual damages or $50.00 in statutory damages, for each of at least 179 violations, pursuant to NY GBS §399-p(9)

b) Pursuant to GBS §399-p(9), injunctive relief prohibiting such conduct in the future.

c) Attorney's fees, per GBS §399-p(9)

d) Any other relief the Court may deem just and proper.

### 18th Cause of Action – Knowing and Willful Lack of Address Violations – NY GBS §399-p(3)

**102.** Plaintiff incorporates the preceding statements as if fully set forth herein.

**103.** Given Verizon's business as a NY telecom company, it was at all times fully aware of NY

GBS §399-p, and its acts were at all times knowing and willful violations of NY GBS §399-p(3)

Plaintiff seeks:

a) Trebled actual damages or $150.00 in statutory damages, for each of at least 179 violations, pursuant to NY GBS §399-p(9)'s provision for trebled damages.

b) Pursuant to GBS §399-p(9), injunctive relief prohibiting such conduct in the future.

c) Attorney's fees, per GBS §399-p(9)

d) Any other relief the Court may deem just and proper.

### 19th Cause of Action – Negligent Auto/Sequential/Random Dialer Violations – NY GBS §399-p(4)

**104.** Plaintiff incorporates the preceding statements as if fully set forth herein.

105. As all of Defendants'-robocalls were clearly at least auto-dialed, perhaps sequentially

dialed or randomly dialed, in violation of NY GBS §399-p(4), Plaintiff seeks:

a) Actual damages or $50.00 in statutory damages, for each of at least 179 violations,
   pursuant to NY GBS §399-p(9) and NY GBS §399-p(4)
b) Pursuant to GBS §399-p(9), injunctive relief prohibiting such conduct in the future.
c) Attorney's fees, per GBS §399-p(9)
d) Any other relief the Court may deem just and proper.

### 20th Cause of Action – Knowing/Willful Auto/Sequential/Random Dialer Violations – NY GBS §399-p(4)

106. Plaintiff incorporates the preceding statements as if fully set forth herein.

107. Given Verizon's business as a NY-based telecommunications company, it was at all times

fully aware of NY GBS §399-p, and its acts were at all times knowing and willful of NY GBS

§399-p(4) Plaintiff seeks:

a) Trebled actual damages or $150.00 in statutory damages, for each of at least 179
   violations, pursuant to NY GBS §399-p(9)'s provision for trebled damages and NY GBS
   §399-p(4).
b) Pursuant to GBS §399-p(9), injunctive relief prohibiting such conduct in the future.
c) Attorney's fees, per GBS §399-p(9)
d) Any other relief the Court may deem just and proper.

### For All Causes of Action

108. For all causes of action above, Plaintiff seeks pre- and post-judgment interest, and costs.

### Trial By Jury

109. Plaintiff is entitled to, and requests, a trial by jury.

Respectfully submitted, Nov 8, 2018

James Fischer
99 Wall St Suite 1956
New York, NY 10005
917-628-4052
jamesfischer@gmail.com

VERIFICATION

STATE OF NEW YORK, COUNTY OF NEW YORK

I, James Fischer, am the Plaintiff in the within action attached hereto. I have read the foregoing

complaint and know the contents thereof, which are to my knowledge true, except as to those

matters stated to be alleged on information and belief, and to these matters I believe them to

be true.

Subscribed and sworn to

before me on

_11|4|2018_                                      _\_/ / /_____

                                                 Plaintiff
                                                 James Fischer
                                                 99 Wall St Suite 1956
                                                 New York, NY 10005
                                                 917-628-4052


_Yu Devi_____

Notary Public


KEITH D KASS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires August 22, 2022

Exhibit A – Robo-Call Dates/Times Made by Defendants to Plaintiff

|  |  |  |
|---|---|---|
| 2011-03-11 15:48:04 | 41. 2014-01-20 15:51:21 | 85. 2014-09-03 15:56:11 |
| 2011-04-14 20:00:46 | 42. 2014-01-22 14:23:10 | 86. 2014-09-18 13:22:18 |
| 2011-05-11 20:47:33 | 43. 2014-01-23 16:36:27 | 87. 2014-09-19 13:02:09 |
| 2011-06-24 19:42:36 | 44. 2014-01-24 20:36:24 | 88. 2014-10-16 13:43:39 |
| 1. 2012-07-25 13:36:01 | 45. 2014-01-25 14:49:58 | 89. 2014-10-23 20:35:51 |
| 2. 2012-10-31 22:28:54 | 46. 2014-01-26 19:40:36 | 90. 2014-11-11 15:48:19 |
| 3. 2012-10-31 23:55:41 | 47. 2014-01-27 13:41:02 | 91. 2014-12-02 17:55:01 |
| 4. 2012-11-28 15:06:36 | 48. 2014-01-30 18:58:46 | 92. 2014-12-05 15:49:43 |
| 5. 2012-12-20 15:35:37 | 49. 2014-01-30 23:37:04 | 93. 2015-01-09 15:32:28 |
| 6. 2012-12-21 14:52:37 | 50. 2014-01-31 18:39:35 | 94. 2015-01-28 16:19:08 |
| 7. 2012-12-21 14:54:10 | 51. 2014-02-01 14:37:12 | 95. 2015-01-29 21:17:43 |
| 8. 2012-12-21 14:55:13 | 52. 2014-02-03 17:25:28 | 96. 2015-02-10 17:59:21 |
| 9. 2012-12-21 15:04:29 | 53. 2014-02-04 15:48:40 | 97. 2015-02-10 19:51:36 |
| 10. 2013-01-17 14:37:45 | 54. 2014-02-09 23:11:50 | 98. 2015-02-13 23:44:02 |
| 11. 2013-02-05 19:59:36 | 55. 2014-02-22 20:37:19 | 99. 2015-02-16 18:15:09 |
| 12. 2013-02-22 19:53:55 | 56. 2014-03-11 13:09:04 | 100. 2015-02-17 14:59:18 |
| 13. 2013-02-23 14:53:19 | 57. 2014-03-11 19:15:57 | 101. 2015-02-18 16:02:13 |
| 14. 2013-02-26 16:35:08 | 58. 2014-03-12 18:33:09 | 102. 2015-02-24 18:47:40 |
| 15. 2013-02-26 17:58:13 | 59. 2014-04-17 13:14:18 | 103. 2015-02-26 19:17:52 |
| 16. 2013-02-27 16:11:28 | 60. 2014-04-18 18:01:01 | 104. 2015-03-04 15:27:03 |
| 17. 2013-04-22 15:34:46 | 61. 2014-04-23 16:32:35 | 105. 2015-03-12 15:25:31 |
| 18. 2013-05-08 18:56:07 | 62. 2014-05-20 18:10:02 | 106. 2015-03-12 18:31:08 |
| 19. 2013-05-15 15:25:11 | 63. 2014-05-23 17:42:51 | 107. 2015-03-17 15:05:54 |
| 20. 2013-06-07 17:59:43 | 64. 2014-06-04 14:21:10 | 108. 2015-03-17 18:13:23 |
| 21. 2013-06-10 17:22:40 | 65. 2014-06-19 14:38:21 | 109. 2015-03-25 15:08:10 |
| 22. 2013-06-20 18:33:41 | 66. 2014-06-20 13:51:35 | 110. 2015-04-09 15:02:26 |
| 23. 2013-08-06 15:20:36 | 67. 2014-06-24 00:04:17 | 111. 2015-04-14 18:51:25 |
| 24. 2013-08-06 21:34:22 | 68. 2014-07-02 13:43:24 | 112. 2015-04-17 15:23:11 |
| 25. 2013-09-19 14:17:20 | 69. 2014-07-16 20:54:18 | 113. 2015-04-21 22:29:41 |
| 26. 2013-09-19 14:18:15 | 70. 2014-07-17 20:29:17 | 114. 2015-05-07 19:27:39 |
| 27. 2013-10-03 15:01:32 | 71. 2014-07-17 20:51:33 | 115. 2015-05-11 20:37:44 |
| 28. 2013-11-26 20:29:01 | 72. 2014-07-23 15:39:33 | 116. 2015-05-18 18:23:50 |
| 29. 2013-12-05 15:38:34 | 73. 2014-07-24 14:26:38 | 117. 2015-05-28 18:51:51 |
| 30. 2014-01-08 22:39:23 | 74. 2014-07-24 22:39:33 | 118. 2015-06-03 19:27:21 |
| 31. 2014-01-09 15:20:20 | 75. 2014-07-29 18:53:46 | 119. 2015-06-05 19:00:20 |
| 32. 2014-01-09 22:49:46 | 76. 2014-07-30 14:47:04 | 120. 2015-06-17 14:42:09 |
| 33. 2014-01-10 22:23:05 | 77. 2014-07-30 15:45:42 | 121. 2015-06-29 15:31:37 |
| 34. 2014-01-13 14:43:06 | 78. 2014-07-31 18:43:13 | 122. 2015-07-20 15:26:35 |
| 35. 2014-01-14 15:05:19 | 79. 2014-08-04 14:55:46 | 123. 2015-07-23 18:44:02 |
| 36. 2014-01-15 16:53:50 | 80. 2014-08-04 15:33:09 | 124. 2015-07-24 18:02:52 |
| 37. 2014-01-16 15:38:33 | 81. 2014-08-05 14:24:46 | 125. 2015-07-28 13:05:22 |
| 38. 2014-01-16 23:13:14 | 82. 2014-08-07 17:14:00 | 126. 2015-08-06 15:16:46 |
| 39. 2014-01-17 15:10:22 | 83. 2014-08-28 15:27:16 | 127. 2015-09-11 18:06:53 |
| 40. 2014-01-18 22:47:59 | 84. 2014-09-03 03:28:45 | 128. 2015-09-24 20:40:49 |

Exhibit A – Robo-Call Dates/Times Made by Defendants to Plaintiff

129. 2015-10-09 13:55:05
130. 2015-11-05 18:47:48
131. 2015-11-30 14:27:19
132. 2015-12-03 15:10:35
133. 2015-12-07 19:02:16
134. 2015-12-09 15:35:34
135. 2015-12-11 14:43:27
136. 2016-01-05 18:09:04
137. 2016-01-07 16:33:19
138. 2016-01-14 20:18:07
139. 2016-01-15 14:52:24
140. 2016-01-20 18:38:06
141. 2016-02-02 19:06:27
142. 2016-02-08 16:33:56
143. 2016-02-22 18:15:53
144. 2016-02-22 18:16:21
145. 2016-02-29 16:26:20
146. 2016-03-08 19:15:02
147. 2016-03-22 19:33:01
148. 2016-04-06 14:42:45
149. 2016-05-26 15:33:40
150. 2016-06-01 17:28:24
151. 2016-06-09 16:31:41
152. 2016-06-09 16:49:15
153. 2016-06-23 14:17:04
154. 2016-07-22 15:04:52
155. 2016-08-19 00:48:45
156. 2016-08-30 13:23:30
157. 2016-09-14 19:35:00
158. 2016-10-17 14:14:25
159. 2016-10-25 14:32:43
160. 2016-11-17 18:55:46
161. 2016-12-08 15:37:11
162. 2017-01-06 15:34:26
163. 2017-02-03 19:47:53
164. 2017-02-09 01:25:55
165. 2017-03-22 14:05:56
166. 2017-04-04 16:13:00
167. 2017-04-25 18:31:53
168. 2017-05-11 18:42:37
169. 2017-05-15 17:56:45
170. 2017-05-15 20:28:22
171. 2017-06-19 12:15:39
172. 2017-06-20 12:09:20

173. 2017-06-20 14:58:30
174. 2017-06-20 17:09:38
175. 2017-06-21 12:45:41
176. 2017-06-23 14:45:34
177. 2017-07-20 17:47:55
178. 2017-08-10 18:53:15
179. 2017-11-01 21:06:42
180. 2017-11-01 21:09:06
181. 2017-12-04 18:28:37
182. 2017-12-16 17:59:00

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

Each recorded call listed below can be played at the YouTube URL listed (https://youtu.be...)
Each is transcribed or otherwise described.

**2012-11-28 10:08**     https://youtu.be/tvwr5EWzsUI
Hi, this is Tracy from Verizon calling with great news for your business. Quantum, our newest
fastest and reliable internet service is now available at your location with download speeds as
high as 300 megabits per second and upload speeds as high as 65 megabits per second. Your
organization, customers, and vendors can stay connected and do more business per second.
Time is money. Quantum lets you upload and download large files amazingly fast, so you save
time when you exchange information with customers. There's never been a better time to
switch to Verizon and sign up for the Verizon Quantum
solutions for business bundle starting as low as $109.99 with a two-year term plus taxes and
fees, press any key now to speak to a Verizon representative and upgrade to Verizon Quantum
or call 888-740-7266 for details and to schedule a convenient installation appointment. If you
want to be placed on the Do Not Call list, please dial 410-910-0614.

**2012-12-20 10:37**     https://youtu.be/8Wv1Khb1RgI
Same as above

**2013-02-27 13:02**     https://youtu.be/S9m1pTprYIE
Same as above

**2013-05-15 13:02**     https://youtu.be/NYaekNrA7D8
Same as above, but $114.99 price

**2013-06-07 13:02**     https://youtu.be/-oFwaFmbmz8
Same as above, but not "newest", and different voice, DNC number 410-910-0690

**2013-06-20 13:00**     https://youtu.be/4Kur5yPUYBE
Same as above, but $114.99 is for "50 over 25 megabits per second" service

**2013-08-06 11:22**     https://youtu.be/F3I-7Ohfe6I
Hi, this is Tracy from Verizon calling with great news for your business. Quantum, our fastest
reliable internet service is now available at your location. Quantum lets you upload and
download large files amazingly fast saving you time when exchanging information with
customers and vendors, letting you do more business per second. Verizon's There's never been
a better time to switch to Verizon and sign up for the Verizon solutions for business bundle
starts as low as $114.99 a month for 50 over 25 megabits per second service with a two-year
term plus taxes and fees. And when you switch to Verizon, you'll get a written price quote of
the monthly charges, plus a written receipt of exactly what you ordered, so there'll be no
surprises.  Press 1 now to speak to a Verizon representative and upgrade to Verizon Quantum

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

or call 888-740-7266 for details and to schedule a convenient installation appointment. If you would like to be placed on the Do Not Call List please dial 410-910-0614.

**2013-10-03 11:03**      https://youtu.be/NyDLQyN0iAs

Hi, this is Tracy from Verizon. FiOS Quantum, our fastest internet service is available at your business location. Press any key now to learn more about FiOS Quantum starting as low as $79.99 a month with a two-year term plus taxes and fees, the Verizon solutions for business bundle with 50 over 25 megabits
per second speed will transform the way you do business with unstoppable power and supercharged speed.  FiOS Quantum internet comes with our worry free 30 day money back guarantee, professional on-site installation, live 24/7 Tech Support to keep your business running, and a written price quote so they'll be no surprises, press any key to speak to a Verizon representative or call 866-408-9290 to learn more. If you'd like to be placed on the Do Not Call List dial 410-910-0690.

**3013-12-05 10:40**      https://youtu.be/VlIVzMd5-nE
Same as above

**2014-03-12 14:34**      https://youtu.be/_XhZeuSbSnE
Hello from Verizon. Don't miss this chance to sign up for the FiOS solutions for business bundle. We'll include a free wireless router. If you sign up by March 15th, that's a $149 value. Press any key now to sign up the solutions for business bundle with internet and two phone lines starting as low as $119.99 a month with a two-year term plus taxes and fees. Well waive the activation fees and give you a written price quote of your monthly charges so there'll be no surprises. Press any key to speak to a Verizon representative or call 888-378-1831. Hurry, offer ends, March 15th. To be placed on the Do Not Call List dial 410-910-0690.

**2014-05-23 13:44**      https://youtu.be/DGaGSLPYAZ4
Hello from Verizon. Three words every small business owner likes to hear - no annual contract. Press any key now to get our 50 over 25 megabits per second FiOS internet and phone with no annual contract required and a one-year price guarantee a second basic phone line is included or choose a two-year agreement and get a $25 discount with a 2-year price guarantee, press any key to speak with a Verizon representative or call 888-378-1831. We put it in writing, so there'll be no surprises. To be placed on the Do Not Call List dial 410-910-0690.

**2104-06-19 10:40**      https://youtu.be/PbgFqBOXP7o
Same as above

**2014-07-02 9:45**      https://youtu.be/SdqYWILOMdg
Same as above, but "additional $25 discount"

**2014-08-05 10:26**      https://youtu.be/dZhb76Q1Ji4

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

Exciting news from Verizon - get a $300 Visa gift card when you purchase FiOS Quantum with a two-year term agreement. Press any key now to obtain a written price quote on the solutions for business bundle starting as low as $124.99 a month plus taxes and fees with a two-year term. Press any key to speak with a business consultant to order Verizon Quantum. Get a $300 Visa gift card and ask about our free Verizon Wireless tablet offer, or at your convenience call 888-378-1831. To be placed on the Do Not Call List dial 410-910-0690.

**2104-09-19 9:03**      https://youtu.be/kvO6kGe4KDA
Same as above

**2014-10-16 9:45**      https://youtu.be/SxkIFwdlr6I
Same as above , but no "term", just "2 year agreement" in first line

**2014-12-05 10:51**      https://youtu.be/EmXXtIUTH_M
Exciting news from Verizon - get a $300 Visa prepaid card when you purchase files Quantum with a two-year agreement. Press any key now to obtain a written price quote on the solutions for business bundle starting as low as $134.99 a month plus taxes fees and equipment with a two-year term. Only Verizon FiOS comes with speed match. Get upload speeds as fast as download speeds. Send a customer proposal, download a training video or backup files to the cloud, all in a flash. Don't settle for less than 100% of the internet, press any key to speak with a business consultant to order Verizon Quantum. Get a $300 Visa prepaid card or at your convenience call 888-378-1831. To be placed on the Do Not Call List dial 410-910-0690.

**2015-01-09 10:34**      https://youtu.be/peDNvX9C1f8
same as above, but no "speak with a business consultant to"

**2015-02-26 14:19**      https://youtu.be/NA5mxaML8n4
Geat deal from Verizon- get files Quantum Internet 50 over 50 meg at a great price of $84.99 a month plus taxes fees and equipment with a two-year agreement, so you can be small business ready. Now featuring speed Match - upload speeds as fast as download speeds, press any key to take advantage of this amazing offer and FiOS's blazing fast speeds, press any key to speak with a business consultant or call 888-378-1831.  Hurry offer ends, March 21st. To be placed on the Do Not Call List dial 410-910-0690.

**2015-03-12 14:33**      https://youtu.be/N_CyK3K-sM4
Hello from Verizon. This is your last chance to take advantage of this great offer to save an additional $15 per month for two years off the FiOS Solutions for Business bundle. Press any key now to save an additional $15 per month for the Solutions for Business bundle with internet and two phone lines.  With the extra savings, prices start as low as $84.99 a month with a two-year term plus taxes and fees a total Savings of $360. We'll provide you with a written price quote, so they'll be no surprises. Press any key to speak with a Verizon representative or call 888-378-1831.  Hurry offer ends, March 21st. To be placed on the Do Not Call List dial 410-910-0690.

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

### 2015-06-03 15:29     https://youtu.be/NAwiaFKHz7E

Free speed upgrade from Verizon! Purchase a FiOS bundle with a two-year agreement and we'll double the speed for free. FiOS TV is also available for as little as $4.99 extra per month. Press any key to order FiOS Quantum 50 over 50 internet and two phone lines for $99.99 a month the price of 25 over 25 internet a savings of $480 over two years. And now we offer Verizon's premium tech support live 24/7 Tech Support to resolve computer viruses, malware, spyware, and other dangerous intrusions on all your business devices. Press any key to learn more and to get a free speed upgrade when you order a FiOS internet and phone bundle with a two-year term. Or at your convenience call 888-744-0711. Hurry offer ends June 27th. To be placed on the Do Not Call List dial 410-910-0690.

### 2015-08-06 11:18     https://youtu.be/VSeGdoloNfk

Great news from Verizon! Get a $300 Visa prepaid card when you purchase FiOS Quantum with a two-year agreement. Press any key now to obtain a written price quote on the 50 over 50 meg FiOS bundle. Only Verizon FiOS comes with speed match - get upload speeds as fast as download speeds FiOS TV is also available for an additional $4.99 extra per month. We also offer unlimited 24/7 US based tech support for computer troubleshooting, device setup, data network, software, programs, tablets, smartphones, and more for just $5 more per month with Verizon's premium tech support.  Press any key now and get a $300 Visa prepaid card when you order a FIOS internet and phone bundle with a two-year term or at your convenience call 888-744-0711.  Hurry, offer ends September 19th. To be placed on the Do Not Call List dial 410-910-0690.

### 2015-09-11 14:08     https://youtu.be/b3q3iCFtLwU

Great news from Verizon. Get a $300 Visa prepaid card when you purchase FiOS Quantum with a two year agreement.  Press any key now to obtain a written price quote on the 50 over 50 meg files bundle. Only Verizon FiOS comes with speed match - get upload speeds as fast as download speeds. FiOS TV is also available for an additional $4.99 extra per month. We also offer unlimited 24/7 US based tech support for computer troubleshooting, device setup, Data Network, software Programs, tablets, smartphones, and more for just $5 more per month with Verizon's premium tech support. Press any key now and get a $300 Visa prepaid card when you order a FiOS internet and phone bundle with a two-year term. Or at your convenience call 888-378-1831.  Hurry offer ends, September 19th. To be placed on the Do Not Call List dial 410-910-0690.

### 2015-10-09 9:57     https://youtu.be/p6ozmIsaMnM

Really important news from Verizon. If you ever thought about getting FiOS, now's the time. Save $40 a month on the 50 / 50 meg FiOS Quantum bundle with a two-year term. That's a $960 savings over two years. Press any key now to obtain a written price quote. Don't miss out on Verizon's new business digital voice 50 / 50 meg bundle only $69.99 a month with a two-year agreement plus get a $250 Visa prepaid card. Business digital voice seamlessly integrates your office and mobile phone, so you can leave your office and switch to your mobile device

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

without interrupting the call you're on.  Only Verizon FiOS has upload speeds as fast as
download speeds, ranked number one internet for business by PC Mag and highest in customer
satisfaction with very small business wireline service two years in a row by JD Power. Press any
key now and get a $250 Visa prepaid card when you purchase a FiOS Quantum Internet and
phone bundle with a two-year term. Or, call 888-882-0071. Terms apply. To be placed on the
Do Not Call List dial 410-910-0690.

**2015-11-05 13:50**      https://youtu.be/pDBwYvP7Lcw
Same as above

**2015-12-03 10:12**      https://youtu.be/DIbzVku4d38
Same as above

**2016-01-20 13:40**      https://youtu.be/OGcaWn08UFY

Don't miss out on our dynamic duo - Verizon FiOS and business digital voice 50 meg bundle.
$69.99 a month with a two-year agreement plus get a $250 Visa prepaid card, press any key to
combine FiOS 50 mag internet with business digital voice for $69.99 a month with a two-year
agreement plus taxes fees and Equipment. Experience the advantages of seamlessly integrating
your office and mobile phones. So you can leave your workplace and switch to your mobile
device without interrupting the call you're on. only Verizon FiOS his upload speeds as fast as
download speeds and the fastest Wi-Fi, ranked number one internet for business by PC mag
and highest in customer satisfaction with very small business Wireline service two years in a
row by JD Power. We eliminate any guesswork by giving you a price quote that covers your
total monthly charges for two years press any key now and get a $250 Visa prepaid card when
you purchase a 50 meg FiOS internet and phone bundle with a 2-year term.  Or, at your
convenience call 888-882-0071. Terms apply. To be placed on the Do Not Call List dial 410-910-
0690.

**2016-03-22 15:35**      https://youtu.be/HdB5yuqNbrA
Same as above with "offer ends April 2nd"

**2016-04-06 10:44**      https://youtu.be/6SXVKFZxnFw
Hello, it's Verizon! FiOS internet and business digital voice are available at your business
location and will give you the speed you need as your company grows. Press any key, and a
small business expert will help you discover how FiOS provides 99.9% network reliability and
the fastest Wi-Fi. So you and your customers can stay connected.  More devices need more
bandwidth and speed faster uploads are critical for efficient file backups and upload speeds as
fast as download speeds can save precious business time every day. Combine FiOS Internet
with business digital voice and enjoy the advantages of seamlessly integrating your office and
mobile phones allowing you to leave your workplace and switch to your mobile device without
interrupting the call you're on. Press any key and a Verizon small business expert will gladly
provide you all the details you need to get started, including how you can get a

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

$150 Visa prepaid card when you sign up for FiOS internet and phone with a 2-year agreement, or at your convenience, call 888-882-0071. Terms apply. To be placed on the Do Not Call List dial 410-910-0690.

**2016-06-23 10:19**     https://youtu.be/pzHXpEH-1Lc
Same as above

**2016-09-14 15:37**     https://youtu.be/LwhyGVwGErc
Hello, it's Verizon! FiOS internet and business digital voice are available at your business location. Get a credit of up to $500 to cover early termination fees from your current provider when you switch to Verizon. Press any key to discover FiOS's 99.9% network reliability and the fastest Wi-Fi available. We'll waive the activation fee when you purchase a FiOS internet and phone bundle with a 2-year agreement. Experience the advantages of seamlessly integrating your office and mobile phone, so you can exit your workplace, switch to your mobile device and not interrupt the call you're on. Confident you'll love FiOS, we'll credit you up to $500 in early termination fees from your current provider when you switch to a Verizon bundle with a 2-year agreement. Once connected, experience feature-packed phone bundles with ultra-fast speeds for both upload and download. Press any key to speak with a Verizon small business expert get the details and get wired for success. Or, at your convenience, call 888-882-0071. Terms apply. To be placed on the Do Not Call List dial 410-910-0690.

**2016-10-25 10:34**     · https://youtu.be/yDve_0g043U
 Same as above, except "Get credited" rather than "get a credit", "by Nov 5th", "services" rather than "bundles"

**2016-12-08 10:39**     https://youtu.be/pWBqzpaXY4o
When it comes to running a small business, you need a network you can rely on, and Verizon delivers 99.9% network reliability for both internet and phone so you can get it all done. Press any key - get a 75 Meg FiOS bundle for $74.99 a month plus taxes fees and equipment with a 2-year agreement. We'll credit you up to $500 to cover early termination fees from your current internet provider. We also eliminate any guesswork by providing a price quote that covers your total monthly charges for two years. Discover how FiOS is not cable. It's wired differently with a 100% fiber-optic network that provides the fastest Wi-Fi available and equally fast download and upload speeds. Let your business run more smoothly with FiOS's dedicated internet path. Press any key to speak with a Verizon small business expert get the details on how fiber optics work better for business and ask how you can get a $200 Visa prepaid card. Or, at your convenience, call 888-882-0071. Terms apply. To be placed on the Do Not Call List dial 410-910-0690.

**2017-01-06 10:36**     https://youtu.be/0DO9HU3oS1o
Same as above

**2017-02-03 14:50**     https://youtu.be/rRvTFlHZTAo

Exhibit B – Transcripts of Typical Robo-Calls Made by Defendants to Plaintiff

You need a network you can rely on, and Verizon delivers 99.9% Network reliability for both internet and phone so you can get it all done. Press any key - get a 75 Meg FiOS bundle for $74.99 a month plus taxes fees and equipment with the two-year agreement.  We'll give you a written price quote and credit you up to $500 to cover early termination fees from your current internet provider.  Need more speed? We didn't just change what fast means, we reinvented it with our 750 meg instant internet delivered over a 100% fiber optic network, Instant Internet enables you to completely download a multi-page presentation deck or video in an instant. Instant is making fast a thing of the past. Discover how FiOS is not cable. It's wired differently with a 100% fiber-optic network that provides the fastest Wi-Fi available in equal upload and download speeds, something cable can't match.  And with all your all your business is doing online, and all the devices you're connecting with, it may be exactly what your business needs. Press any key - speak with a Verizon small business expert, or, at your convenience, call 877-483-6696, and ask how you can get a $200 Visa prepaid card. Actual speeds may vary and are not guaranteed. Terms apply. To be placed on the Do Not Call List dial 410-910-0690.

**2017-03-22 10:07**       https://youtu.be/Q_v1DeVOPNY
Hi, I'm Kay with Verizon. Don't miss out on this limited time offer a purchase a files bundle with a two-year agreement with any internet speed up to 750 megabits per second and get two months free. That's right. Any FiOS internet speed plus one phone line with unlimited Nationwide calling free for two months. Press any key to take advantage of this amazing two months free offer. When you purchase a FiOS internet and phone bundle with a two-year agreement, we'll also credit you up to $500 to cover early termination fees from your current internet provider.  Press any key – a Verizon business expert will be happy to get you started. Or, at your convenience, call 888-415-8035. Hurry, offer ends April 8th. Actual speeds may vary and are not guaranteed.  Terms apply. To be placed on the Do Not Call List dial 410-910-0690.

**2017-05-11 14:44**       https://youtu.be/2XAh_Zm1I7g
Hi, I'm Kay with Verizon.  No matter what kind of small business you have, you need a network you can depend on. Press any key. There's never been a better time to switch to consistently fast symmetrical internet speeds. Get a $150 Visa prepaid card when you get a 150 Meg internet and voice bundle or a $300 Visa prepaid card when you get a 300 Meg FiOS internet and voice bundle with a two-year agreement.  Business digital voice now has enhanced voice features, all at a great price. Terms apply, press any key to speak with a business expert, or at your convenience call 877-483-6696. Get more bandwidth and be ready for growth. To be placed on the Do Not Call List dial 410-910-0690.

**2017-0623 10:47**       https://youtu.be/SygzWKZEF3I
Same as above, but "call  888-882-0071"

Exhibit C – Correspondence To Verizon

12/15/11

Verizon
Do Not Call Department
140 West St
New York, NY 10013

Sirs:

I have called your "Do Not Call" number as given in your recorded sales messages multiple times. I have followed the instructions to add my number to your do not call list, but the recorded messages trying to sell me "FiOS" have not stopped.

Please stop calling my home. The number is 212-410-2200.

Thank you for your time.

James Fischer                          340 E93 NYC                          212-410-2200

Exhibit C – Correspondence To Verizon

11/20/12

Verizon
Do Not Call Department
140 West St
New York. NY 10013

Sirs:

I am writing a third time to demand a halt to the regular calls being made to my home in attempts
to sell your "FiOS" service.

I have called your "Do Not Call" number as given in your recorded sales messages many times,
but the automated calls trying to sell me "FiOS" have not stopped.

If there ever was any hope of my trying your service, the ongoing calls make it certain that I will
not do business with you.

Stop calling my home.  The number is 212-410-2200.

James Fischer                          340 E93 NYC                          212-410-2200

Exhibit D – Entities Who Could Be "Verizon" Registered with NY Dept of State

1. VERIZON AIRFONE INC.
2. VERIZON AND REDBOX DIGITAL ENTERTAINMENT SERVICES, LLC
3. VERIZON BUSINESS NETWORK SERVICES INC.
4. VERIZON BUSINESS PURCHASING LLC
5. VERIZON CAPITAL CORP.
6. VERIZON COMMUNICATIONS INC.
7. VERIZON CONNECT FLEET USA LLC
8. VERIZON CONNECT INC.
9. VERIZON CONNECT NWF INC.
10. VERIZON CONNECT TELO INC.
11. VERIZON CONNECTED SOLUTIONS INC.
12. VERIZON CORPORATE RESOURCES GROUP LLC
13. VERIZON CORPORATE SERVICES GROUP INC.
14. VERIZON CREDIT INC.
15. VERIZON DATA SERVICES LLC
16. VERIZON DIGITAL MEDIA SERVICES INC.
17. VERIZON FEDERAL INC.
18. VERIZON FOUNDATION
19. VERIZON HEARST MEDIA PARTNERS, LLC
20. VERIZON INFORMATION TECHNOLOGIES LLC
21. VERIZON LONG DISTANCE LLC
22. VERIZON MEDIA LLC
23. VERIZON NETWORK INTEGRATION CORP.
24. VERIZON NEW ENGLAND INC.
25. VERIZON NEW YORK INC.
26. VERIZON ONLINE LLC
27. VERIZON PATENT AND LICENSING INC.
28. VERIZON SELECT SERVICES INC.
29. VERIZON SERVICES CORP.
30. VERIZON SERVICES ORGANIZATION INC.
31. VERIZON SMART COMMUNITIES LLC
32. VERIZON SOLUTIONS, INC.
33. VERIZON SOURCING LLC
34. VERIZON TELEPRODUCTS CORP.
35. VERIZON TURNKEY SERVICES LLC
36. VERIZON WASHINGTON, DC INC.
37. VERIZON WIRELESS (VAW) LLC
38. VERIZON WIRELESS NETWORK PROCUREMENT LP
39. VERIZON WIRELESS OF THE EAST LP
40. VERIZON WIRELESS SERVICES, LL