UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES H. FISCHER,

          Plaintiff,

v.

VERIZON NEW YORK, INC. and
VERIZON COMMUNICATIONS, INC.,

          Defendants.

---

No. 18-CV-11628 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff James Fischer, proceeding *pro se*, filed this action in the Supreme Court of New York, claiming that Defendants Verizon New York, Inc. and Verizon Communications, Inc. repeatedly initiated prerecorded, automated phone calls to his home landline without his prior consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the New York General Business Law ("NYGBL") § 399-p. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a). Before the Court is Plaintiff's motion to remand the case to state court. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

On November 8, 2018, Plaintiff filed a complaint in the Supreme Court of New York alleging that, between 2011 and 2017, Plaintiff received repeated "robocalls – recorded messages selling Verizon services" from Defendants on his home landline. Complaint at ¶ 25. The complaint states that Plaintiff's phone number was listed on the federal Do Not Call List and alleges that Defendants' calls persisted even after Plaintiff sent Defendants multiple "cease and desist" letters. *Id.* at ¶¶ 29, 31. The complaint further alleges that the calls were "disruptive,"

since "each call was assumed to be a high-priority call from an elderly parent or the Lifeline service" and therefore "had to be answered immediately." *Id.* at ¶ 25. Plaintiff brought claims against Defendants for violations of both the TCPA and the NYGBL. On December 12, 2018, Defendants removed the action to this Court. Plaintiff filed the instant motion to remand.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

Defendants have met their burden of showing that removal was proper here. Defendants point out—and Plaintiff does not contest—that, pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "private suits," like this one, "arising under the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012); *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Nevertheless, Plaintiff argues that the Court lacks subject matter jurisdiction over this action because Plaintiff does not have Article III standing to bring his claims. The Court disagrees.

At the pleading stage, Article III standing is established where a plaintiff clearly alleges facts demonstrating that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiff here challenges only the first requirement, injury in fact. "[T]he injury-in-fact requirement requires a plaintiff to allege

2

an injury that is both concrete *and* particularized"—a "bare procedural violation, divorced from any concrete harm" will not suffice. *Id.* at 1545, 1549 (internal quotation marks omitted).

Consistent with this requirement, the Second Circuit held in *Leyse v. Lifetime Entm't Servs., LLC*, 679 F. App'x 44, 46 (2017) (summary order), that a plaintiff had standing to bring suit under the TCPA where the defendant "left a prerecorded voicemail message, to which [the plaintiff] later listened, on an answering device in the place where [the plaintiff] resided and to which he had legitimate access." The Court explained that "[i]nsofar as the TCPA protects consumers from certain telephonic contacts, we conclude that [the plaintiff's] receipt of such an alleged contact in the way described demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Id.* Several courts in this district, applying *Leyse*, have similarly held that the receipt of unauthorized, prerecorded phone calls is sufficient to confer standing to bring suit under the TCPA. *See, e.g., Zani v. Rite Aid Headquarters Corp.*, 246 F. Supp. 3d 835, 847 (S.D.N.Y. 2017) (holding that the plaintiff had standing to pursue his claim under the TCPA where he received one prerecorded flu shot reminder call); *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445/6518 (JPO), 2017 WL 3278926, at *7 (S.D.N.Y. Aug. 1, 2017) (holding that plaintiffs had standing to bring their TCPA claims, where they answered the prerecorded calls and testified that the calls were, among other things, "unwanted" and "disruptive").

The Court agrees with the decisions in *Zani* and *Mejia* and finds that the allegations in Plaintiff's complaint suffice to plead injury in fact here. The complaint alleges that Plaintiff "received" robocalls from Defendants on his home landline numerous times over a five-year period. Complaint at ¶ 25. It further alleges that the calls were "disruptive," as "each call was assumed to be a high-priority call" and therefore "had to be answered immediately." *Id.* Under

3

the authorities cited above, these allegations suffice to meet the injury-in-fact requirement and Plaintiff has standing to bring his claims under the TCPA.[1] As the Court sees no other basis for concluding that it lacks subject matter jurisdiction over this case, and Defendants' removal was otherwise proper, Plaintiff's motion to remand the case to state court is denied.[2]

If Plaintiff wishes to pursue his argument—raised for the first time in his reply brief—that Defendants must reimburse him for expenses incurred as a result of Defendants' alleged failure to comply with Local Civil Rule 7.2, he may file a separate motion, to which Defendants will have an opportunity to respond.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this case is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 13.

SO ORDERED.

Dated: May 28, 2019
New York, New York

Ronnie Abrams
United States District Judge

---

[1] Plaintiff also argues that he lacks standing to bring his claims under the prudential standing doctrine. The Court rejects the argument. "The TCPA's purpose is to protect individuals from telephonic and fax messages that invade their privacy." *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 367 F. Supp. 3d 93, 115 (S.D.N.Y. 2019) (citing *Mims*, 565 U.S. at 370–71). Plaintiff's complaint, which alleges that he was disrupted by Defendants' robocalls, alleges "the kind of nuisance and invasion of privacy Congress intended to protect individuals from in passing the TCPA." *Id.* His interests thus "fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (citation omitted).

[2] The Court has considered Plaintiff's alternative arguments and finds them to be without merit. Plaintiff's contentions concerning the constitutionality of the TCPA and the timeliness of some of his claims would not—even if correct—strip this Court of its subject matter jurisdiction over this case. In addition, neither the signature block at the end of Defendants' notice of removal nor the summons attached to it renders the removal procedurally improper. Although the signature block indicates that it was signed by "Attorneys for Defendant Verizon Wireless," the notice elsewhere makes clear that removal was by "Defendants Verizon New York, Inc. and Verizon Communications, Inc., by and through their undersigned attorneys," and further states that "[t]here are no other defendants in this matter for whom proof of consent to removal is required." Notice of Removal ¶ 10. The notice of removal, accordingly, complies with 28 U.S.C. § 1446(b)(1)(A) (requiring that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). As to the summons, the Court does not perceive any procedural defect in Defendants' attachment of the single summons, addressed to both Defendants, that was issued in this case. *See* Dkt. 1, *Fischer v. Verizon New York Inc., et al.*, Index No. 160404/2018 (N.Y. Sup. Ct.).