Honorable Ona T. Wang                                                              10/18/19
40 Foley Square
New York, NY 10007                                             Re: Fischer v. Verizon, 18cv11628

Dear Judge Wang:

The parties are required to request a discovery conference. We have met and conferred, both immediately after the deposition cited in (a) below, and again a few days later.

The Court forbade further discovery extensions. Plaintiff avers that Defendants have:

  a) So completely failed to prepare their 30(b)(6) witness that the witness "failed to appear".

  b) Despite written assurances that Defendants would "*gladly produce any of these witnesses for deposition*", they refused to produce the witnesses, and also repeatedly refused to disclose their mailing addresses per FRCP 26, for subpoenas. A 30(b)(6) deposition was "suggested" instead.

  c) Provided deliberately incorrect information, for example, providing a company name for a 3rd party witness (supplier) that had not used since a buy-out in 1998, delaying subpoena efforts.

  d) Produced only nine responsive ESI documents, without any metadata at all, then claiming in deposition that their single customer record for the phone number at issue from 2007, was "so old", it was "impossible" for them to even say if the record was of a "residential subscriber line", or a "business subscriber line", relevant to the issue of willfulness and a core element of a TCPA case.

  e) Foot-dragged and delayed on even the smallest issue, running out the clock on discovery.

  f) Averred such knowingly frivolous defenses that (i) the first set of affirmative defenses were withdrawn in their entirety pursuant to a Rule 11 letter; (ii) the second set of affirmative defenses were withdrawn similarly, leaving only a statute of limitations defense; (iii) even the SOL defense seems moot, as "winning" that argument would merely remand those older claims back to NY state court from whence they were removed. This wasted the bulk of discovery in disproving the frivolous defenses, rather than focusing on the much smaller set of viable areas of dispute.

Plaintiff contemplates a motion in limine to:

  a) exclude evidence in the many areas where the 30(b)(6) witness was unprepared
  b) preclude affidavits/testimony from witnesses named, but not properly disclosed per Rule 26
  c) petition the Court to apply adverse inference to those areas of fact covered by (a) and (b)

As Plaintiff is pro se, there is no possible sanction of fees, and fees are a triviality to a multi-billion-dollar defendant. Further, in Plaintiff's view, Mr. Corbalis is not to be faulted for the deliberate choices made by his client.

 Respectfully submitted,

                                                                      /s/ James Fischer