The Honorable Ona Wang                                                                10/24/19
United States Courthouse
500 Pearl St.
New York, NY 10007                          Re:  Fischer v. Verizon 18cv11628 Protective Order Request

Dear Judge Wang:

Good cause exists to file telephone call logs associated with this case under seal.

Despite the best efforts of the parties, "Subsentio", the subpoena service provider for the phone company "Ooma" has not responded at all to Defendants' subpoena, and has promised to send additional logs today to completely/fully respond to Plaintiff's subpoena (Doc #65).

As this is the last day of discovery, per Doc #80, Plaintiff requests a protective order to permit filing "under seal". The only item to be filed under seal is the complete unreacted call logs as supplied by Ooma.  Without call logs that are authenticated, this case cannot be decided on the merits.

As Defendants have not been sent any of the redacted call logs they requested, Plaintiff must submit the full call logs to the court. This would allow in camera review at Defendants' option, to permit verification of the accuracy of the logs provided to Plaintiff, redacted, and then provided to Defendant, to be used in evidence.

Multiple courts have recognized the obvious personal interest in the privacy of one's phone records, and even ordered subpoenas quashed to protect that privacy:

See Vasquez v. Convergent Outsourcing, Inc., No. 1:14-cv-6248 (NDIL 8/21/14, Exhibit 3); Winter v. Bisso Marine Co., No. 13-5191, 2014 U.S. Dist. LEXIS 103281, at *4 (EDLA  7/29/14); Sovereign Partners v Restaurant Teams, 99-cv-0564, LEXIS 17014, at *10 (SDNY 11/1/99):

> *The fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls made ... This raises significant privacy concerns.*"

Per the local rules, a protective order is required, and a CD must be hand-delivered to the SDNY sealed records room with the approved protective order.  As non-compliance with Defendants' subpoena was unexpected, Plaintiff requests a narrow extension of Discovery for the time it takes to approve the protective order, and an extra day to hand-deliver the CD and protective order to the courthouse.

Respectfully,

                                   James Fischer


I HEREBY CERTIFY that on 07/25/19, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which served all parties of record.

Dated: July 25, 2019

                                        /s/ James Fischer
                                        James Fischer


James Fischer                          99 Wall NYC                          917-628-4052