USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/4/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES H. FISCHER,

                Plaintiff,

v.

VERIZON NEW YORK, INC. and
VERIZON COMMUNICATIONS, INC.,

                Defendants.

No. 18-CV-11628 (RA)

MEMORANDUM OPINION
& ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff James Fischer, proceeding *pro se*, filed this action in the Supreme Court of New York, claiming that Defendants Verizon New York, Inc. and Verizon Communications, Inc. repeatedly initiated prerecorded, automated phone calls to his home landline without his prior consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the New York General Business Law ("NYGBL") § 399-p. After Defendants removed the action to this Court, Plaintiff filed his first motion to remand the case to state court, which the Court denied. Before the Court is Plaintiff's second motion to remand. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

On November 8, 2018, Plaintiff filed a complaint in the Supreme Court of New York alleging that, between 2011 and 2017, Plaintiff received repeated "robocalls – recorded messages selling Verizon services" from Defendants on his home landline in violation of the TCPA and NYGBL. Compl. ¶ 25. On December 12, 2018, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a), and on January 18, 2019, Plaintiff filed his first motion to remand

it to state court. On May 23, 2019, Plaintiff filed an amended complaint. On May 28, 2019, the Court denied Plaintiff's first motion to remand. On June 13, 2019, Defendants filed an answer and affirmative defenses to Plaintiff's amended complaint, in which Defendants asserted that Plaintiff's claims based on calls purportedly made more than four years prior to the filing of his complaint are barred by the TCPA's four-year statute of limitations. On June 14, 2019, Plaintiff filed his second motion to remand.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). As explained in the Court's opinion on Plaintiff's first motion to remand, Defendants have met their burden of showing that federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, a federal law. *Fischer v. Verizon New York, Inc.*, No. 18-CV-11628 (RA), 2019 WL 2265039, at *1 (S.D.N.Y. May 28, 2019); *see also Mims v. Arrow Financial Services, LLC*, 566 U.S. 368, 372 (2012) ("federal and state courts have concurrent jurisdiction over private suits arising under the TCPA").

In the instant motion, Plaintiff does not argue that this Court lacks subject-matter jurisdiction over the action. As a result, Defendants argue that the second motion is untimely. The Court agrees. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Plaintiff's second motion to remand focuses on Defendants' affirmative defense

2

that Plaintiff's TCPA claims about calls that occurred more than four years ago are time-barred by the federal statute of limitations. Plaintiff moves the Court to remand any time-barred claims to state court, or, in the alternative, to remand the entire case to avoid duplicative proceedings. "Since a statute of limitations is a defense" however, "it has not been regarded as jurisdictional." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008); *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Given that any non-jurisdictional motion must have been filed within the thirty-day period prescribed by 28 U.S.C. § 1447(c), and that Plaintiff did not file this motion to remand until June 14, 2019—more than six months after Defendants filed their December 12, 2018 notice of removal—Plaintiff's motion is untimely.

In any event, Plaintiff's second motion to remand would fail even if it had been filed within the required thirty-day period. Contrary to Plaintiff's assertion, the applicable statute of limitations is not dependent on whether this action is heard in a federal or state forum. In both federal and state court, Plaintiff's TCPA claims would be governed by the federal four-year statute of limitations period set forth in 28 USC § 1658. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 107 (2d Cir. 2013); *Stern v. Bluestone*, 850 N.Y.S.2d 90, 96 (N.Y. App. Div. 2008), *rev'd on other grounds*, 12 N.Y.3d 873 (2009). As to Plaintiff's NYGBL claims, this Court will "appl[y] the same statute of limitations with respect to state-law claims as would the state court." *Musaji v. Banco do Brasil*, No. 10 CIV.8541 RJH, 2011 WL 2507712, at *3 (S.D.N.Y. June 21, 2011); *see also Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). Plaintiff has therefore failed to identify a valid basis for remand, and the motion is denied on that basis as well.

## CONCLUSION

For the foregoing reasons, Plaintiff's second motion to remand this case is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 62.

SO ORDERED.

Dated: November 4, 2019
       New York, New York

Ronnie Abrams
United States District Judge