# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES FISCHER,<br><br>       Plaintiff,<br>              v.<br><br>VERIZON NEW YORK INC. AND VERIZON ONLINE LLC, et al.,<br><br>       Defendants. | Civil Action No.: 18-cv-11628-RA<br><br>**Defendants' Responses and Objections to Plaintiff's First Set of Document Requests** |

To:

Mr. James Fischer
99 Wall Street
Suite 1956
New York, NY 10005


Pursuant to Federal Rules of Civil Procedure 26, 34, and the Local Rules of the United States District Court for the Southern District of New York, defendants Verizon New York Inc. and Verizon Online LLC ("Defendants") hereby respond to Plaintiffs' document requests as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1. Defendants object to the Document Requests (including each request therein) to the extent they purport to impose requirements beyond those specified in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

2. Defendants object to the Document Requests (including each request therein) to the extent that they seek documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to the Document Requests (including each request therein) to the extent that they seek documents protected from disclosure under any applicable privilege or immunity, including but not limited to the attorney-client privilege and the attorney work product doctrine.  If any privileged or protected document, information or data is inadvertently produced, the Defendants do not waive or intend to waive any privilege or protection pertaining to such document, information or data, or to any other documents, information, or data.  In the event that privileged or protected documents, information or data is inadvertently produced, such documents, information or data shall be returned to the Defendants upon discovery or demand.

4. Defendants object to the Document Requests (including each request therein) to the extent that they seek the production of documents that are not in the Defendants' possession, custody, or control.

5. Defendants object to the Document Requests (including each request therein) to the extent they seek information that is equally available to Plaintiff, available from public court or agency records, or otherwise in the public domain.

6. Defendants object to the Document Requests (including each request therein) to the extent they are vague, ambiguous, or otherwise unclear.

7. Defendants object to the Document Requests (including each request therein) to the extent that they are overbroad, unlimited in temporal scope, unduly burdensome, or duplicative.

-3-

      8.      Defendants' Responses and Objections to the Document Requests are provided without waiving, and without intending to waive, but rather preserving and intending to preserve:

      a.      all objections as to relevancy, materiality and admissibility;

      b.      all rights to object on any ground to the use of any documents produced herein in any subsequent proceedings, including the trial of this or any other action; and

      c.      all rights to object on any ground to any further discovery requests.

      9.      Defendants' Responses and Objections to the Document Requests (including each request therein) shall not be interpreted as implying that (i) responsive documents exist, (ii) the Defendants acknowledge the propriety of any Document Requests or admit any allegations in the Complaint, or (iii) that any definition provided or request propounded by Plaintiff is either factually correct or legally binding upon the Defendants.

      10.      Defendants reserve their rights to amend, modify or supplement the objections and responses provided herein.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

3.  Produce any and all documents/ESI that Ms. Meryl Friedman might testify about, listing the specific sources of each document or data element group, given that Defense counsel stated on 4/12/19 via email "Beyond that, this is the complete account file that Verizon has for Joanne. This is a point I've confirmed with the client.

**Response**:

Defendants object to this request to the extent it seeks to require an interrogatory response with respect to designations of specific sources. Defendants further object to the extent this request seeks Defense counsel's trial strategy and topics that "might" be testified to. Subject to these objections and Defendants General Objections, Defendants will produce any documents for which Ms. Friedman will be testifying to at this time and reserve the right to supplement this request as necessary and appropriate.

4.  Produce any and all documents/ESI relating to the purported "Telephone Report" from "Thomson Reuters" (Westlaw, etc) as discussed via email on 4/12/19, including the more up-to-date records, the ones withheld by Defense counsel. Produce any similar 3rd party "commercial database" or "commercial website" reports obtained, identifying the source of each.

**Response**:

Defendants object to this request to the extent it seeks to require an interrogatory response with respect to designations of specific sources. Defendants further object to this request to the extent it suggests that any documents were improperly withheld. Subject to these objections and Defendants' General Objections, Defendants will produce any responsive non-privileged documents within their custody or control.

5.  Produce the paper phone directory listings (or prints of mircrofiche/microfilm/scanned copies) that would include any listings for "Joanne Thomas," "212-410-2200," and/or "NY Stretch Exchange" for the years 2001-2007, inclusive. Produce data from backups of "superpages.com" for the same elements. Include for each an affidavit from the records custodian attesting to the admissibility of the data, reciting all the usual "business records" factors that would make the evidence admissible.

**Response**:

Defendants object to this request to the extent it seeks to have Defendants create any documents that do not exist or to attest to the admissibility of existing documents, as such is not required under Rule 34. Defendants further object to this request as unduly burdensome and seeking records outside of their custody/control, as they neither possess paper copies of such listings nor have access to, let alone "backups" for, a third-party website. Defendants have no such documents within their custody or control.

6.  Provide an affidavit from the Verizon records custodian attesting to the admissibility of VZW-Fischer-006 and 007, reciting all the usual "business records" factors that

would make the evidence admissible, and stating that there are no other Verizon records of any type concerning "212-410-2200," "Joanne Thomas," "Joanne Maybeck," "NY Stretch Exchange," or "340 E 93rd St. Apt. 27C, NYC NY 10128."

**Response**:

Defendants object to this request to the extent it seeks to have Defendants create any documents or attest to their admissibility, and to the extent it seeks an interrogatory response in the guise of a document request, as such is not required under Rule 34. Defendants have no such documents within their custody or control.

7. Provide an affidavit from the Neustar/iConnectv records custodian concerning VZW-Fischer-001 through 005, reciting all the usual "business records" factors that would make the evidence admissible, and stating that there are no other Verizon records of any type concerning "212-410-2200." Alternatively, stipulate to the admissibility of these records.

**Response**:

Defendants object to this request to the extent it seeks to have Defendants create documents or attest to their admissibility, and to the extent it seeks an interrogatory response in the guise of a document request, as such is not required under Rule 34. Defendants further object to this request to the extent it seeks documents or testimony from persons/entities outside of Defendants' custody or control. Defendants have no such documents within their custody or control.

8. Defendants' amended answer alludes to a "Verizon agent or subsidiary." It also claims that "any calls made to Plaintiff's phone were made in error." Provide an org chart showing the unnamed entities, listing the names and corporate registration information for each entity, list the current officers of each entity, and also list each responsible operations VP and Division Manager for all business functions associated with "outbound telemarketing" at each such entity from 2011 to present.

**Response**:

Defendants object to this request to the extent it seeks to have Defendants create or modify documents to include specific information, as such is not required by Rule 34. Defendants further object to this request as moot, as the correct entities have now been named in the amended complaint. Defendants further object to this request as unduly burdensome, irrelevant, and overly broad, as it seeks the identification of employees and officers for "all business functions associated with outbound telemarketing" for almost ten years. Defendants accordingly decline to produce absent further narrowing of this request.

9. Defendants' amended answer alludes to a "Verizon agent or subsidiary." It also claims that "any calls made to Plaintiff's phone were made in error." Provide an org chart showing the unnamed entities, listing the names and corporate registration information for each

entity, list the current officers of each entity, and also list each responsible operations VP and Division Manager for all business functions associated with "call list generation/handling" and "outbound telemarketing" and the quality assurance thereof at each such entity from 2011 to present.

**Response**:

*See* Response to No. 8 above.

10. Defendants amended answer states that "any calls made to Plaintiff's phone number were made in error. Provide a process flow diagram for the acquisition of telemarking prospects, the "scrubbing" of these call lists, and the deployment of telemarketing "robocalls" listing the appropriate entity, subsidiary, and department of each responsible for reach step, naming the VP and Division Managers over each function from 2011 to present. Indicate which step in the process made the error alleged.

**Response**:

Defendants object to this request as requiring the creation of documents that do not exist and therefore outside the scope of Rule 34. Defendants further object to this request to the extent it seeks an interrogatory response in the form of a document request. Defendants have no such documents within their custody or control.

11. Provide any/all call logs or lists for any/all telemarketing calls to sell/promote Verizon products services made to 212-410-2200 and any other number associated with the address 340 E 93rd St. New York, NY 10128 from 2011 to present. Logs shall be provided in csv format or other commonly-used standard machine-readable format.

**Response**:

Defendants object to this request as irrelevant insofar as it seeks call logs for calls made to numbers other than the single number identified in the Complaint. Subject to this objection Defendants General Objections, Defendants will produce call logs from 2011 for the number 212-410-2200.

12. Provide all numbers from which Defendants initiated "robo-calls" selling FiOS services from 2011 to 2017, inclusive. Provide a list of the CD-CNAM designations for each line, and if none were assigned to any one line, list the circuit ID for each line having no CID-CNAM entries in the outward-facing and/or LEC-facing databases.

**Response**:

Defendants object to this request as requiring the creation of documents and therefore outside the scope of Rule 34. Defendants further object to this request to the extent it seeks an interrogatory response in the form of a document request. Defendants further object to this request as irrelevant, insofar as it seeks numbers from which calls were

made to anyone other than Plaintiff.  Defendants have no responsive documents within their custody or control.

13. For any/all contractors, subsidiaries, or partners, provide the same information as requested in [the above] from your copies of their call logs or reports.

**Response**:

*See* response to No. 12 above.

14. Provide a list of all numbers from which Defendants have initiated "robo-calls" selling FiOS services from 2011 to 2017, inclusive. Provide a list of the CD-CNAM designations for each line, and if none were assigned to any one line, list the circuit ID for each line having no CID-CNAM entries in the outward facing and/or LEC-facing databases.

**Response**:

*See* response to No. 12 above.

15. Provide copies of any/all agreements and correspondence between Defendants and 340 E 93rd St Corp concerning FiOS from first contact to December 2017 as full-text searchable pdfs.

**Response**:

Defendants object to this request as irrelevant, as any purported agreement between Defendants and the above address/corporation are not elements or even tangentially related to any claim or defense in this case. Absent further explanation of why this request seeks relevant information, Defendants decline to produce.


Dated:  June 20, 2019

By: /s/ Justin A. Corbalis
Justin A. Corbalis
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, NJ 07068
973.597.2500
*Attorneys for Defendants Verizon New York Inc. and Verizon Online LLC*