UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JAMES H. FISCHER,

        Plaintiff,

        -against-

VERIZON NEW YORK, INC., et al.,

        Defendants.
------------------------------------------------------------x

18-cv-11628 (RA) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

## I.    Introduction

Plaintiff James J. Fischer, proceeding *pro se*, moves for an order of sanctions against Defendants Verizon New York Inc. and Verizon Online LLC (collectively, "Verizon" or "Defendants") for purported discovery failures. (ECF 92, the "Motion;" *see also* ECF 100, 104, 106). Plaintiff argues that Defendants: (1) failed to properly respond to his Request for Documents ("RFPs"); (2) withheld evidence within Verizon's possession; (3) withheld evidence from Verizon's agents and contractors; (4) did not comply with Fed. R. Civ. P. ("Rule") 26(a); and (5) failed to prepare Verizon's Rule 30(b)(6) witness.[1] Plaintiff seeks sanctions under Rule 37, 28 U.S.C. § 1927, and the Court's inherent power. Plaintiff seeks (a) preclusive sanctions, (b) an adverse inference, and (c) adverse inference as a "jury instruction." For the reasons discussed below, Plaintiff's Motion is **DENIED**.

---

[1] Plaintiff states that the motion is directed solely at Verizon and not its counsel with whom Plaintiff has worked cooperatively. (ECF 94 at 15).

## II. Background

### A. Allegations in the Complaint

Plaintiff filed this action in December 2018 against Defendants alleging multiple violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the TCPA's associated regulations, as well as New York General Business Law § 339-p. (*See* ECF 1-1, the "Complaint" & ECF 46, the "Amended Complaint").[2] Plaintiff alleges that, since 2011, Defendants repeatedly initiated pre-recorded, automated phone calls (*i.e.* "robocalls") to Plaintiff's home landline without his prior consent. Am. Compl. ¶¶ 33-34. Plaintiff claims that the landline number was registered with the National Do Not Call Registry. Am. Compl. ¶¶ 19-20.

### B. Discovery Proceedings

Prior to the instant sanctions motion, discovery had been proceeding generally uneventfully, albeit slowly. The initial case management plan set a fact discovery end date of June 28, 2019. (ECF 28). Discovery was then extended multiple times largely on consent. In none of these requests for discovery extensions, including the ones requested by Plaintiff, did any party raise discovery defects or disputes. The first extension for 60 days was requested jointly by parties because the Amended Complaint added a defendant, and parties wanted to explore settlement. (ECF 52, dated May 31, 2019). The second extension request for 30 days, to September 28, 2019, was also requested jointly so that third parties would have time to respond to Plaintiff's subpoenas, which were issued in July and August 2019. (ECF 65-69, 71).

---

[2] Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(a), original federal jurisdiction. The District Court twice denied Plaintiff's motion to remand to state court. (ECF 47, 90).

The third discovery extension was requested by Plaintiff so he would have time to conduct the Rule 30(b)(6) deposition of Verizon and to receive subpoena responses. (ECF 77, dated October 4, 2019). This discovery request was also granted, setting a discovery end date of October 24, 2019, with an admonishment of no further extensions. (ECF 80; *see also* ECF 78 Sept. 11, 2019 Tr.).

The first suggestion of discovery disputes was in Plaintiff's October 18, 2019 letter motion seeking a discovery conference, a motion *in limine*, and "Rule 11 letter." (ECF 82). Plaintiff raised for the first time the purported discovery disputes that are the subject of this Motion, including the failure to prepare Verizon's Rule 30(b)(6) witness. (*See id.*). Defendants disagreed with Plaintiff's assertions and argued that they had been cooperating with Plaintiff during discovery, including fully producing relevant documents in Verizon's possession, custody, or control. (*See id.* ("Defendants have produced what they have; and they cannot produce what they do not have")). Further, Defendants suggested that the issues would be better resolved by a formal motion because Plaintiff's allegations were too vague for a specific response. (ECF 85). I denied the motion for a discovery conference because the discovery end date had passed, but allowed Plaintiff to file a sanctions motion, and noted that a motion *in limine* would be premature.[3] (ECF 86).

---

[3] Motions seeking sanctions for noncompliance with the Court's discovery orders "are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018) (quoting *Seena Int'l Inc. v. One Step Up, Ltd.*, No. 15-CV-01095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)). "The critical issue . . . is what sanction the magistrate judge actually imposes," not what sanction the moving party seeks. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2, at 383 (Thomson Reuters 2014). Thus, "If a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)," and may be modified or set aside only if "clearly erroneous or contrary to law." *Steele v. Costco Wholesale Corp.*, No. 03-CV-0713 (NG) (MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005).

3

### C. Plaintiff's Sanctions Motion

In the instant Motion, Plaintiff alleges violations of Rule 26 and 30(b)(6) and seeks sanctions under Rule 37, 28 U.S.C. § 1927, and the Court's inherent power. (ECF 94). Plaintiff does not specify under which provision of Rule 37 he seeks sanctions. Defendants oppose the motion on the grounds the Motion lacks merit and is an untimely motion to compel under the guise of a sanctions motion. (ECF 100).

### III. Discussion

### A. Plaintiff is Not Entitled to Rule 37 Sanctions

Plaintiff seeks sanctions under Rule 37[4] in the form of an adverse inference and preclusion. "[D]iscovery sanctions, including an adverse inference instruction, may be imposed where a party has breached a discovery obligation through bad faith or gross negligence, but also through ordinary negligence." *Res. Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 288 (S.D.N.Y. 2009) ("As a general matter . . . the severity of sanctions imposed should be congruent with the destroyer's degree of culpability"). Adverse inference sanctions are generally only warranted where a party has shown spoliation of evidence. *See Res. Funding Corp.*, 306 F.3d at 106. Preclusion of testimony is similarly drastic; "before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the

---

[4] Rule 37(b) allows for sanctions for failure to comply with a court order, and Rule 37(b)(2) specifies that sanctions can be awarded for failing "to obey an order to provide or permit discovery" or for not producing a person for examination. Rule 37(d) also allows a court to sanction a party if it fails to provide information or identify a witness. And, Rule 37(e) allows sanctions for failure to preserve electronically stored information. All provisions allow for a court to award fees and costs to the prevailing party and grant additional remedies such as an adverse inference instruction and/or preclusion of testimony. *See Met. Opera Ass'n, Inc. v. Local 100*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003).

4

violation causes, and must consider less drastic responses." *Dragon Yu Bag Mfg. Co. Ltd. v. Brand Science*, LLC, 282 F.R.D. 343, 344-45 (S.D.N.Y. 2012).

The moving party for Rule 37 sanctions "must establish '(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (quoting *Res. Funding Corp.*, 306 F.3d at 107). To satisfy the first prong, "the moving party must show that the respondent breached its obligations, either as set forth in Rule 26 . . . or as provided in court orders regulating discovery." *Id.*

Plaintiff fails to satisfy this first prong: he has not shown that Defendants breached any discovery obligations or a court order. *See id.* Nor has Plaintiff shown any negligence or bad faith required for an adverse inference instruction or preclusion. In fact, Plaintiff has gone out of his way to remark on Verizon's counsel's cooperation with him. (ECF 94 at 15). Accordingly, and as further discussed below, Plaintiff is not entitled to any relief under Rule 37.

   *1. Sanctions are not Warranted for Defendants' RFP Responses*

Plaintiff alleges that Defendants failed to fully respond to RFPs 1-8[5] and that Defendants "altered the ESI" of the documents that were produced in non-native format, amounting to spoliation. (ECF 94 at 2-8).

Before serving their responses and objections ("R&Os"), Defendants produced documents to Plaintiff. (ECF 101-2, email from J. Corbalis to J. Fischer). Defendants served

---

[5] Issues relating to RFPs 4, 7, and 8 were subsequently mooted. (ECF 94 at 4-5).

5

responses and objections to Plaintiff's RFPs on June 20, 2019. (ECF 101-1, ECF 101-4). Defendants objected to many of the RFPs on the grounds of overbreadth, burden, and relevancy, and Defendants stated with specificity when documents were either nonexistent or not within Defendants' possession, custody, or control. (*See, e.g.*, ECF 101-1 at 4 (R&O to RFP 5)). Defendants' attorney further stated that he would make himself available if Plaintiff wanted to "discuss some of our objections/responses." (ECF 101-4, email from J. Corbalis to J. Fischer). Plaintiff and Defendants engaged in email colloquies regarding the produced documents' quality. (ECF 101-2).

As a preliminary matter, Plaintiff has not made the threshold showing why the purportedly withheld documents are relevant to his claims or defenses. For instance, RFP 1 requests "any and all documents/ESI concerning the Local Number Porting and Caller ID Naming records . . . from 2005 to present, both in Defendants' own records and in records of Defendants prior action/ports [sic]" and Plaintiff states that although Defendants produced porting history, Defendants failed to produce caller-id or customer name records. Plaintiff, however, has not explained what these records are or why they are relevant. Plaintiff similarly fails to make arguments for the information requested in RFPs 2, 3, 5, and 6.

Plaintiff's other document requests are similarly vague and/or unsupported. For instance, RFP 3 requests speculative information, "[p]roduce any and all documents/ESI that Ms. Meryl Friedman might testify about, listing the specific source of each document or data element." Request No. 6, which requests an affidavit from a records custodian, is improper because RFPs are not the proper mechanism for custodian of record declarations, which are instead governed by the Federal Rules of Evidence. *See United States v. Komasa*, 767 F.3d 151,

6

154 (2d Cir. 2014) ("A record of regularly conducted business activity would be eligible for admission as self-authenticating under [Federal Rules of Evidence] 901(11) and 803(6) if the record is accompanied by a written declaration of its custodian, or other qualified person.").

Further, Defendants produced documents in their possession, custody, or control in response to these discovery requests. *See* Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce and permit the requesting party . . . to inspect, copy, test, or sample the . . . items in the responding party's possession, custody, or control."). Plaintiff cannot move for sanctions regarding information not in Defendants' possession. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain."); *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs, Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible. (citations omitted)).

Plaintiff's remaining arguments that Defendants edited and/or modified ESI based on the production format of produced documents and an alternate spelling of "NY Stretch Exchange" with an extra space as "N Y Stretch Exchange" are without merit and unsupported by the quoted deposition testimony at ECF 94 at 6-8. Plaintiff has not proffered any arguments on how these differences are material let alone how they violated Defendants' discovery obligations. Further, Plaintiff has made no argument of either bad faith or negligence. *See Res. Funding Corp.*, 306 F.3d at 108 (requiring either bad faith or negligence for adverse inferences). Accordingly, Plaintiff is not entitled to sanctions, whether monetary or in the format of an

adverse inference instruction that "Defendants knew full well that their agents had retained call-log data far longer than they had" and "Defendants deliberately assigned an incompetent person to the task of production."[6] (ECF 94 at 11).

> 2. *Sanctions are not Warranted for Withholding Information and Failure to Produce Documents*

Plaintiff argues that Defendants are withholding documents that predate 2014 and certain "customer information." Plaintiff, again, has failed to show relevance, nor could he. The TCPA has a four-year statute of limitations, and any alleged robocalls from 2011-14 are outside the statute of limitations. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (holding that a four-year statute of limitations applied to TCPA claims). Plaintiff has not shown that Defendants violated their discovery obligations here.[7] Regarding "customer information," Plaintiff has not specified what the "customer information" is that he seeks or why it is relevant to his claims or Defendants' defenses. Further, Defendants have represented that they have produced the records relating to Plaintiff and his wife, in whose name the account was first registered. Accordingly, Plaintiff is not entitled to (nor does he need) an adverse inference instruction. *See* ECF 94 at 11 (requesting adverse inference instruction that "Defendants knew full well that their agents had retained call-log data far longer than they had" and "Defendants deliberately assigned an incompetent person to the task of production.").

Plaintiff further argues that Defendants are withholding information held by their "agents and contractors, despite their legal right and practical ability to do so." (ECF 94 at 9).

---

[6] It is not clear how the duration of retention of call log data beyond what was already produced is material to the prosecution or defense of this action.

[7] In any event, Defendants have produced call logs dating back to 2011. (ECF 100 at 9).

These purported agents and contractors are InTouch, Kingcom, ABI, and Dun & Bradstreet. Plaintiff does not argue these documents are in Defendants' possession, custody, or control, only that they are "easily obtainable." (ECF 94 at 9). Sanctions are unwarranted from *Verizon*, because Plaintiff has not specified what documents are being withheld, and Defendants are not obliged to produce information not in their possession, custody, and control. Plaintiff's recourse should have been through Rule 45 subpoena process (and Plaintiff has issued multiple Rule 45 subpoenas). Regardless, Defendants have represented that they have fully produced the records relating to Plaintiff and his wife. Accordingly, Plaintiff is not entitled to an adverse inference instruction (nor does he need one). *See* ECF 94 at 11.

### 3. Defendants' Initial Disclosures are Complaint with Rule 26

Plaintiff argues that Defendants issued improper initial disclosures by not providing addresses or phone numbers for potential witnesses. Defendants, however, provided the witness names and the contact information of their counsel. This is not only proper under Rule 26, but also furthers the rule that a party or counsel for a party "may not directly contact witnesses who are employees of an opposing party and represented by an attorney." *Shim-Larkin v. City of New York*, No. 16-cv-6099 (AJN), 2017 WL 4862790, at *3 (S.D.N.Y. Oct. 25, 2017) (upholding magistrate judge's order that New York City employees only be contacted through counsel).[8]

Plaintiff also argues that the disclosure of non-party witnesses Paula Allena and Dawne Evans was late and prevented him from deposing those witnesses after the purportedly unprepared 30(b)(6) witness. However, the records show that Plaintiff did not request those

---

[8] In any event, Defendants further provided the city and state information for each witness. (ECF 100 at 11).

specific addresses until September 2019, and Verizon provided that contact information the same day. (ECF 100 at 11). Accordingly, Plaintiff is not entitled to preclusion or any other Rule 37 sanctions for Defendants' initial disclosures.

### 4. Verizon's 30(b)(6) Witness was Prepared

Rule 37(d)(1)(A)(i) authorizes sanctions where the Rule 30(b)(6) witness is so unprepared that it is "tantamount to a failure to appear." *See Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38-39 (S.D.N.Y. 2009) (citations omitted). Plaintiff argues that Verizon's Rule 30(b)(6) witness was "profoundly unprepared" because "she was completely unprepared in nearly all fact areas" and was "profoundly uninformed in basic technical aspects crucial to ESI discovery." (ECF 94 at 12).

On October 4, 2019, ten days before the then-ordered close of discovery, Plaintiff served a Rule 30(b)(6) deposition notice. (ECF 100 at 12). Defendant subsequently produced its Rule 30(b)(6) witness, Meryl Friedman, a supervisor of litigation support at Verizon, on October 15, 2019. (ECF 101-5, transcript of deposition).

A party seeking sanctions for an unprepared Rule 30(b)(6) witness must show that the deponent's inability to testify was "egregious and not merely lacking in desired specificity in discrete areas." *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254 (SHS) (OTW), 333 F.R.D. 302, 308 (S.D.N.Y. Sept. 26, 2019) (quoting *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, No. 94-cv-1942 (DC) (denying sanctions)); *Crawford v. Franklin Credit Mgmt Corp.*, 261 F.R.D. 34, 39 (S.D.N.Y. 2009) (same).

Plaintiff has failed to show deficiencies in Friedman's testimony, let alone egregious ones. Friedman testified for almost seven hours. A review of her testimony shows that she was

prepared for and answered relevant questions regarding the litigation. (ECF 94 Ex. D, 101-5 (showing badgering and harassing questioning)). And, Plaintiff has not specified to the Court how the areas of his Rule 30(b)(6) deposition notice to which Friedman allegedly failed to testify are relevant to his claims or Defendants' defenses. Accordingly, Plaintiff is not entitled to preclusion or any other Rule 37 sanctions.

### B. Plaintiff is Not Entitled to Sanctions Under 28 U.S.C. § 1927 or the Court's Inherent Powers

Plaintiff does not raise any facts warranting sanctions under 28 U.S.C. § 1927 and a federal court's inherent authority. 28 U.S.C. § 1927 provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See also Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013). The Court also has inherent authority to impose sanctions. "[A] federal court – any federal court – may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO Inc.*, 501 U.S. 32, 44 (1991). Consistent with the language of the statute, "awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Inherent power sanctions "may be made against an attorney, a party, or both." *Id.*

The inquiry for both inherent power sanctions and sanctions under § 1927 is highly fact-specific. "To impose sanctions under either § 1927 or [a] Court's inherent powers, there must be clear evidence that '(1) the offending party's claims were entirely without color, and (2) the

11

claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478-79 (S.D.N.Y. 2018) (emphasis in original) (quoting *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)). A claim is colorable (*i.e.* defensible) "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000). Even if the moving party can demonstrate that the actions were without color, it must also show that the respondent's actions "were so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Prevezon*, 305 F. Supp. 3d at 483 (quoting *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)). This bad faith requirement is a 'high bar to satisfy." *Id.* (citing *Revson*, 221 F.3d at 77-78). In order to make a finding of bad faith, a court must: "(1) find that the challenged actions were taken for improper purpose, such as harassment or delay; and (2) provide a high degree of specificity in the factual findings." *Id.* at 483.

Plaintiff has raised no facts suggesting that Defendants' actions were taken without color and/or in bad faith. *See Prevezon*, 305 F. Supp. 3d at 478-79 (both § 1927 and inherent power sanctions require clear evidence of actions made without color and bad faith). Indeed, Plaintiff specifically admits that Defendants' counsel "worked cooperatively throughout this case" with Plaintiff and "he has been forthcoming and candid in his attempts to resolve disputes and provide information requested," conceding that § 1927 sanctions, which are only against attorneys, are unwarranted. ECF 94 at 15; *see also Oliveri*, 803 F.2d at 1273. Plaintiff further fails to articulate what Defendants themselves did, apart from their counsel's actions,

that would constitute bad faith. *Id.* Accordingly, Plaintiff's requests for sanctions under § 1927 and the Court's inherent authority are denied.

### IV. Conclusion

For the reasons stated above, the Motion (ECF 94) is **DENIED**. As directed by the District Court on November 8, 2019, Defendants are directed to submit a joint status letter regarding a proposed summary judgment briefing schedule on **September 8, 2020**.

The Clerk of Court is directed to close ECF 94.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: August 31, 2020                                              **Ona T. Wang**
New York, New York                               United States Magistrate Judge