|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 9/4/2020 |

JAMES H. FISCHER,

               Plaintiff,

        v.

VERIZON NEW YORK, INC. and
VERIZON COMMUNICATIONS, INC.,

               Defendants.

No. 18-CV-11628 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On August 31, 2020, Magistrate Judge Wang issued an Opinion and Order denying Plaintiff's motion for sanctions. Dkt. 107. Magistrate Judge Wang directed Defendant, pursuant to the Court's November 8, 2019 Order, to submit a joint status letter proposing a summary judgment briefing schedule by September 8, 2020. *Id*. On September 3, 2020, Plaintiff, proceeding *pro se*, filed a letter stating that he is "seeking representation" and requesting: (1) a stay of the case until October 5, 2020 to "allow an attorney to be selected, hired, and review the case," and (2) an extension to file a motion for reconsideration of Judge Wang's decision until November 9, 2020. Dkt. 108. On September 4, 2020, Defendants filed a letter proposing a summary judgment briefing schedule. Dkt. 109. Defendants take "no position" on Plaintiff's request to file a motion for reconsideration, "other than to note that Plaintiff's sanctions motion was baseless." *Id*.

    It is unclear whether Plaintiff seeks to retain a private attorney, or whether he seeks the Court's appointment of pro bono counsel. To the extent he seeks the latter, that request is denied without prejudice. In deciding a request for appointment of counsel, the Court must consider "the

merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *see also Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. The Court must also be cognizant of the fact that volunteer attorney time is a "precious commodity," and thus, should not grant appointment of counsel indiscriminately. *Id*. at 172. Because the Court cannot compel attorneys to take on civil cases pro bono, and because it does not have the resources to pay counsel in civil matters, the granting of an application for pro bono counsel is "a rare event." *Colon-Reyes v. Fegs Health and Human Servs. Sys.*, 12-CV-2223 (CM), 2012 WL 2353732, at *1 (S.D.N.Y. June 13, 2012). Having reviewed Plaintiff's letter along with the Amended Complaint, the Court finds that a more fully developed record will be necessary before it can determine whether Plaintiff's chances of success warrant the appointment of counsel. In addition, Plaintiff has not yet demonstrated that he is unable to pay for private counsel, that he has expended efforts to find private counsel, or that he lacks the ability to gather the facts and present the case if unassisted by counsel. Accordingly, to the extent Plaintiff seeks the appointment of pro bono counsel, his application is denied without prejudice to renewal at a later stage of this case.

      Finally, Plaintiff is directed to write a letter addressed to Judge Wang regarding his request to extend the deadline by which to file a motion for reconsideration of her Opinion and Order. The Court will enter a scheduling order on summary judgment briefing following Judge Wang's decision on Plaintiff's anticipated motion for reconsideration. The parties shall therefore file a joint status letter proposing a summary judgment briefing schedule within one week after Judge Wang's decision on Plaintiff's anticipated motion for reconsideration.

SO ORDERED.

Dated:    September 4, 2020
             New York, New York

                                              Ronnie Abrams
                                              United States District Judge