UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
JAMES H. FISCHER, :
:
       Plaintiff, : 18-CV-11628 (RA) (OTW)
:
      -against- : **OPINION & ORDER**
:
VERIZON NEW YORK, INC., et al., :
:
       Defendants. :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I. **Introduction**

Plaintiff James H. Fischer, proceeding *pro se*, moves for reconsideration of the Court's August 31, 2020 Opinion and Order (ECF 107, 2020 WL 5117913, the "Opinion and Order") denying his motion for sanctions (ECF 94, the "Sanctions Motion") against Defendants Verizon New York Inc. and Version Online LLC (collectively, "Verizon" or "Defendants"). (ECF 115). For the reasons discussed below, Plaintiff's motion for reconsideration (ECF 115) is **DENIED**.

II. **Background**

    A. **The Sanctions Motion**

A more fulsome recounting of the facts and arguments can be found in the Opinion and Order and needs not repeating here other than discovery ended on October 24, 2019. (ECF 107 at 2). For the first time on October 18, 2019, Plaintiff raised purported discovery violations and sought a court conference. (ECF 107 at 3). On October 31, 2019, I denied the motion for a

discovery conference because the discovery end date had passed, but allowed Plaintiff to file a sanctions motion. (ECF 107 at 3).

Plaintiff moved for sanctions against Verizon under Fed. R. Civ. P. ("Rule") 37, 28 U.S.C. § 1927, and the Court's inherent power. Plaintiff argued that Defendants: (1) failed to properly respond to his Request for Documents ("RFPs"); (2) withheld evidence within Verizon's possession; (3) withheld evidence from Verizon's agents and contractors; (4) did not comply with Rule 26(a); and (5) failed to prepare Verizon's Rule 30(b)(6) witness. I denied the Sanctions Motion because Plaintiff failed to: (1) show that Defendants breached any discovery obligation or court order; and (2) raise any facts warranting sanctions under the high threshold of § 1927 or inherent authority sanctions. (ECF 107).

### III. Analysis

#### A. Applicable Law

Motions for reconsideration are governed principally by Rules 59(e) and 60(b) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2018 WL 3632500, at *2 (S.D.N.Y. July 30, 2018) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite

at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (ellipsis omitted) (internal quotation marks omitted). "The major grounds justifying reconsiderations are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)); *see also Banco de Seguros Del Estado v. Mut. Marine Off., Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), *aff'd sub nom. Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255 (2d Cir. 2003) (internal formatting and citations omitted) (holding that a motion for reconsideration is only "appropriate where a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court").

### B. Plaintiff Has Not Met the High Burden Warranting Reconsideration

Plaintiff makes the following arguments in support of his motion for reconsideration: (1) the Court improperly denied his request for a conference on October 31, 2019; (2) the Court dismissed claims in the Opinion and Order; and (3) Verizon engaged in discovery violations by withholding relevant discovery, spoliating evidence, not producing third-party information, and putting forth an unprepared Rule 30(b)(6) witness. (ECF 115).

>   1. *The denial of Plaintiff's request for a conference is not properly for reconsideration*

For the first time on his motion for reconsideration, Plaintiff argues that the Court improperly denied his October 18, 2019 request for a discovery conference. This argument was not made in the Sanctions Motion and, thus, cannot be reconsidered. *See Analytical Surveys*, 684 F.3d at 52. In any event, Plaintiff points to no caselaw and there is none mandating that a court hold conferences on all discovery disputes.

>   2. *The Court did not dismiss any claims in its Opinion and Order*

The Opinion and Order resolved the Sanctions Motion only; it did not consider the merits of Plaintiff's claims or Verizon's defenses. (ECF 107). Plaintiff's arguments that the Opinion and Order was "dispositive" and "directly dismissed claims" are rejected. All of Plaintiff's claims in the Amended Complaint – for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its associated regulations and New York General Business Law § 339-p – remain extant. (ECF 46). Resolution of the claims on their merits will be done on summary judgment and/or trial; there is nothing for the Court to reconsider on this point.

>   3. *Arguments that Verizon engaged in discovery violations relitigate issues previously decided*

The remaining arguments rehash arguments that Verizon purportedly failed to meet its discovery obligations. Plaintiff does not present any clear error or facts that the Court overlooked that would have altered the Court's prior decision. Plaintiff attempts to take "a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52. In the Opinion and Order, the Court fully considered the controlling caselaw and facts, including the underlying discovery requests and responses and objections. (ECF 107). Accordingly, reconsideration is denied.

## IV. Conclusion

For the reasons stated above, the motion for reconsideration (ECF 115) is **DENIED**. As directed by the District Court on September 4, 2020, the parties shall file a joint status letter to the District Court proposing a summary judgment briefing schedule seven days after this Order, or by April 13, 2021.

The Clerk of Court is directed to close ECF 115.

**SO ORDERED.**

Dated: April 6, 2021
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge