USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/08/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES FISCHER,

          Plaintiff,

v.

VERIZON NEW YORK, INC., VERIZON COMMUNICATIONS, INC., and VERIZON ONLINE, LLC,

          Defendants.

No. 18-CV-11628 (RA)

MEMORANDUM
OPINION AND ORDER

---

Ronnie Abrams, United States District Judge:

Plaintiff James Fischer, proceeding *pro se*, filed this action under the Telephone Consumer Protection Act ("TCPA") against Verizon New York, Inc., Verizon Communications, Inc., and Verizon Online, LLC (collectively, "Defendants"). Now before the Court are Plaintiff's objections to three discovery orders issued by Magistrate Judge Wang: (1) an October 31, 2019 order denying Plaintiff's motion for a discovery conference (Dkt. 86); (2) an August 31, 2020 order denying Plaintiff's motion for sanctions against Defendants for purported discovery failures (Dkt. 107); and (3) an April 6, 2021 order denying Plaintiff's motion for reconsideration of that sanctions ruling (Dkt. 118). For the reasons that follow, Judge Wang's orders are affirmed and Plaintiff's objections are dismissed.

## BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this case, and therefore includes only those facts necessary to address the instant objections.

Plaintiff alleges that Defendants have for years subjected him to repeated robocalls without his consent in violation of the TCPA and associated regulations, as well as New York General

Business Law § 339-p.  The parties have engaged in lengthy pretrial discovery, the deadlines for which were extended several times by Judge Wang, to whom the case was referred for general pretrial management.  *See* Dkt. 28 (setting initial fact discovery deadline of June 28, 2019); Dkt. 54 (granting extension to August 28, 2019); Dkt. 73 (granting extension to September 28, 2019); Dkt. 80 (granting extension to October 24, 2019 and ordering no further extensions).  On October 18, 2019—six days before the final close of discovery—Plaintiff submitted a letter to Judge Wang contending that the document discovery he had received and the depositions he had taken from Defendants were inadequate and requesting a discovery conference.  Dkt. 82.  Judge Wang ordered Defendants to respond to Plaintiff's letter motion.  Dkts. 84, 85.

On October 31, 2019, Judge Wang issued an order concluding that "[b]ecause discovery is now closed, the request for a discovery conference is DENIED."  Dkt. 86.  The order went on to state that if Plaintiff wished to bring a motion *in limine* (as he had suggested in his conference request, *see* Dkt. 82), that motion should be brought later and addressed to this Court—but that if Plaintiff wished instead to seek sanctions, he was required to first submit a joint briefing schedule for such a motion.  *Id.*  Plaintiff subsequently moved for sanctions, raising largely the same issues that he had raised in his letter motion for a conference.  Dkt. 94.  Judge Wang denied Plaintiff's motion for sanctions on August 31, 2020 and denied Plaintiff's motion for reconsideration of that ruling on April 6, 2021.  Dkts. 107, 118.

Plaintiff filed objections to Judge Wang's three orders on April 20, 2021.  Dkt. 122.  Defendants filed an opposition on May 21, 2021, Dkt. 127, and Plaintiff replied on June 21, 2021, Dkt. 130.  On April 29, 2021, the Court stayed the case pending resolution of Plaintiff's objections.  Dkt. 126.

On June 21, 2021, and while these objections were still pending, Plaintiff filed a letter motion to reopen discovery. Dkt. 131. Judge Wang denied the motion without prejudice, ruling that it was improper given the stay in place. Dkt. 134. Plaintiff has renewed his request to reopen discovery to this Court, arguing that doing so will moot his objections to Judge Wang's orders. Dkts. 135, 137. Defendants have opposed this request as well. Dkt. 136.

## LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). With respect to non-dispositive matters, such as the discovery matters at issue here, a district court "must consider timely objections" to a magistrate judge's order "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Goonewardena v. N.Y. Workers Comp. Bd.*, No. 09-CV-8244 (RA), 2015 WL 3404078, at *1 (S.D.N.Y. May 27, 2015) ("Matters concerning discovery generally are considered nondispositive of the litigation.").[1] "Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law." *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014). "A magistrate judge's order is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *David v. Weinstein Co. LLC*, No. 18-CV-5414 (RA), 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

This standard is "highly deferential": "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, alterations, and footnotes.

3

*Williams v. Rosenblatt Secs., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). Thus, a party seeking to overturn a magistrate judge's decision carries a "heavy burden." *Weinstein Co.*, 2020 WL 4042773, at *3. "[C]ourts in this circuit generally follow the rule that a district court reviewing an appeal of a non-dispositive motion from a magistrate judge may not look beyond the factual record presented to the magistrate judge." *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018). Nor may courts "entertain new legal arguments not presented to the magistrate judge." *Id.* at 353.

The Court generously construes a pro se litigant's filings and interprets them to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

## DISCUSSION

### I. Plaintiff's Objections

The Court first considers the extent to which Plaintiff's objections are timely brought. Federal Rule of Civil Procedure 72 requires that objections to a magistrate judge's order be filed within 14 days of that order. Fed. R. Civ. P. 72. Plaintiff's objections were filed on April 20, 2021—meaning that they are timely only as to Judge Wang's April 6 order denying reconsideration of Plaintiff's sanctions motion. Plaintiff does not offer a reason to excuse his untimely objections to Judge Wang's two prior rulings; "[n]or does pro se status excuse a party from meeting deadlines imposed by the Court," *Martinez v. Ravikumar*, 536 F. Supp. 2d 369, 370 (S.D.N.Y. 2008). Moreover, the fact that Plaintiff first moved for reconsideration of Judge Wang's sanctions order, and only then appealed both of Judge Wang's sanctions rulings, means that Plaintiff "has already had the benefit of the Magistrate Judge's substantive reconsideration of [her] previous sanctions order, a benefit to which [Plaintiff] was not entitled." *NG v. HSBC Mortg. Corp.*, 262 F.R.D. 135, 136 (E.D.N.Y. 2009); *see Koehler v. Bank of Bermuda Ltd.,* No. M18-302,

2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003) (observing that objections to the district court judge are the exclusive procedural vehicle for appealing non-dispositive orders of the magistrate court, including rulings on sanctions). Plaintiff's untimely filing suffices as an independent reason to dismiss his objections to Judge Wang's October 31, 219 order and August 31, 2020 order. However, given Plaintiff's *pro se* status and the related subject matter of all three orders, the Court considers the full scope of Plaintiff's objections.

The Court next clarifies that, contrary to Plaintiff's contentions, *de novo* review is not appropriate here because Judge Wang's orders did not dispose of any claims or defenses. The October 31, 2019 order merely denied a discovery conference, and the two subsequent orders denied discovery sanctions. "If a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)." *Steele v. Costco Wholesale Corp.*, No. 03-CV-0713 (NG) (MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005). Plaintiff nevertheless claims that Judge Wang's denial of sanctions effectively disposed of some of his claims by ruling them time barred. In the August 31, 2020 order, Judge Wang concluded that certain pre-2014 discovery Plaintiff sought was not relevant because "[t]he TCPA has a four-year statute of limitations, and any alleged robocalls from 2011-2014 are outside the statute of limitations." Dkt. 107 at 8. This conclusion did not dispose of Plaintiff's TCPA claim, which remains live; it merely made an unremarkable observation about a statutory limitations period.[2] Plaintiff's alternative argument for *de novo* review—that the imposition of sanctions is

---

[2] Plaintiff suggests that he plans to rely on *American Pipe* to toll the statute of limitations. Dkt. 122 at 7. This does not alter the Court's conclusion for several reasons. First, *American Pipe* tolling is a doctrine exclusive to class actions, and Plaintiff does not appear to be bringing a class action. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). Second, Judge Wang's order in no way precludes Plaintiff from raising an *American Pipe* tolling argument if he so chooses. Third, even if Plaintiff had been so precluded, that would not eliminate any of his claims; it would merely narrow the scope of his TCPA claim to apply only to robocalls from 2014 and later.

5

an issue that is independent and collateral from the underlying case, Dkt. 122 at 3-4[3]—merely reinforces the conclusion that a ruling on discovery sanctions is not a ruling on the disposition of a claim.

The Court turns to the substance of Plaintiff's objections. Having reviewed Judge Wang's orders and the parties' submissions, the Court concludes that none of those orders are clearly erroneous or contrary to law. In his reply brief, Plaintiff explains that his primary objection is to the October 31, 2019 order that denied Plaintiff's request for a discovery conference and that, according to Plaintiff, "ordered" him to file a sanctions motion. Dkt. 122 at 1; Dkt. 130 at 1-2 ("Plaintiff clearly stated in ECF 122 pg 4 that his actual objection was to ECF 86 alone . . . the inevitable denial of sanctions that resulted was not the subject of any specific objection by Plaintiff."). Accordingly, the Court focuses its analysis on the objections to that first order.

Plaintiff asserts that Judge Wang erred by directing him to file a motion for sanctions and precluding him from filing a motion to compel. Dkt. 122 at 1 ("Doc #86 should have permitted a motion to compel, and further discovery. Instead, a sanctions motion was specifically ordered to be briefed without a prerequisite production order."). Reading the plain text of the order shows that Plaintiff's argument is unsupportable. The order states, in relevant part:

> If Plaintiff seeks to bring a sanctions motion, which would be before the undersigned, he shall first meet and confer with Defendants and propose a briefing schedule for such a motion. By Friday, November 8, 2019, Plaintiff shall file a status letter informing the Court of his intention and providing a briefing schedule, if necessary.

Dkt. 86. Even taking into account Plaintiff's *pro se* status and limited familiarity with legal procedure, there is no reasonable way to read this text as ordering that any motion be filed. The only mandatory language, that Plaintiff "shall first meet and confer with Defendants and propose

---

[3] The Court uses Plaintiff's internal pagination.

a briefing schedule," would become relevant only "if" Plaintiff chose to file a sanctions motion. Indeed, the second sentence explicitly orders Plaintiff to inform Judge Wang of his intentions regarding filing any sort of motion—an action that would hardly be necessary had Plaintiff already been directed to file a specific sanctions motion. And given that the word "compel" appears nowhere in the order, it is difficult to see how Judge Wang precluded Plaintiff from filing a motion to compel instead. Nor was Judge Wang's preauthorization in any way necessary for Plaintiff to file a motion to compel if he so chose.[4]

Plaintiff further argues that Judge Wang erred by denying his motion for a discovery conference on the grounds that discovery had already closed when in fact discovery was still open at the time he requested a conference on October 18. *See* Dkt. 122 at 6. But as Judge Wang correctly observed when ruling on Plaintiff's motion for reconsideration, "Plaintiff points to no caselaw and there is none mandating that a court hold conferences on all discovery disputes." Dkt. 118 at 4. To the contrary, "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams*, 236 F. Supp. 3d at 803.[5] It was well within the scope of Judge Wang's discretion to decide that the issues raised in Plaintiff's letter and Defendants' reply did not warrant a conference or a further extension of discovery and were instead better suited to resolution through post-discovery motion practice. Indeed, holding a discovery conference after receiving Plaintiff's letter motion and requesting and receiving a reply from Defendants would almost certainly have required extending the discovery deadline, in contravention of Judge Wang's prior ruling that no further discovery

---

[4] Plaintiff's citation to the fact that the October 31 order was titled "Order" is unpersuasive given the clarity of the order's content. Dkt. 130 at 2 ("Defendants now claim that ECF 86, clearly labeled "**ORDER**" in bold underlined print by a Federal Magistrate was merely a suggestion.").

[5] Plaintiff's reliance on Local Civil Rule 37.2 is misplaced: although that rule requires that parties request a discovery conference prior to filing certain discovery motions, it does not mandate that a requested conference be held.

7

extensions would be granted.  Nor can the order be characterized as "cutting 12 days from the discovery period post-hoc," Dkt. 122 at 6; it did not impose an earlier discovery date, and the parties were free to conduct discovery between the date of Plaintiff's letter and the last day of discovery.  Finally, the specific discovery disputes on which Plaintiff requested a conference were fully briefed in his subsequent motion for sanctions and motion for reconsideration, meaning that Judge Wang effectively considered his discovery contentions on the merits; her reasoning in disposing of those motions contains no clear error.  In sum, Plaintiff points to no errors of fact or law in Judge Wang's orders that would lead the Court to the firm conviction that a mistake has been made.

Nor does the Court discern clear error elsewhere in Judge Wang's orders denying Plaintiff's sanctions motion and denying reconsideration.  Plaintiff's only objection to the August 31, 2020 sanctions ruling that the Court has not previously discussed is his theory that Judge Wang "erred on the law" by "citing the [statute of limitations] as a rule of evidence or metric of relevance" when classifying certain sought discovery as unnecessary.  Dkt. 122 at 7; *see* Dkt. 107 at 8.  The Court disagrees: the operative rule in Judge Wang's analysis was the rule of relevance, *see* Fed. R. Evid. 402, and the relevance of a particular fact may depend the scope of a claim as determined by any applicable limitations period.

The only specific objection Plaintiff raises to Judge Wang's reconsideration ruling is the following contention: "Plaintiff also objects to Doc #118's order that Summary Judgment be briefed before the current open discovery dispute is resolved, as the 30(b)(6) deposition remains incomplete, and ESI is still knowingly withheld by Defendants."  Dkt. 122 at 1.  He appears to be referring to the directive in Judge Wang's April 6 order that, "[a]s directed by the District Court on September 4, 2020, the parties shall file a joint status letter to the District Court proposing a

summary judgment briefing schedule seven days after this Order, or by April 13, 2021." Dkt. 118 at 5. But it is this Court that imposed that status letter deadline, not Judge Wang. Nor did this deadline compel summary judgment *briefing* before the discovery dispute was resolved—it required only setting deadlines for that briefing. And in any event, Plaintiff does not identify an error of law or fact rendering this scheduling directive clearly erroneous.

Plaintiff's more generalized objections to Judge Wang's rulings fare no better than his specific objections. To the extent Plaintiff's submission raises facts not presented to Judge Wang, the Court cannot consider those facts. *See Wu*, 349 F. Supp. 3d at 353. Plaintiff also generically argues that Judge Wang "unquestioningly accepted Defendants' false statements about their actions during discovery," Dkt. 122 at 7—but there is simply no indication that Judge Wang made any factual errors based on a faulty reading of the record, or that Plaintiff's "brief was ignored," *id.* at 8-9. To the contrary, Judge Wang's sanctions ruling and reconsideration ruling both considered Plaintiff's legal and factual allegations in careful detail. Accordingly, the Court dismisses Plaintiff's objections.

**II.     Motion to Reopen Discovery**

Following the filing of his objections, Plaintiff has repeatedly urged both Judge Wang and this Court to reopen discovery. Dkts. 131, 133, 135, 137. He argues that doing so will moot all of his objections to Judge Wang's orders and asserts that if discovery is not reopened, "the same request will only arise again under FRCP 56(d) in response to a Verizon motion for summary judgment." Dkt. 135. Judge Wang denied Plaintiff's first motion to reopen discovery as improperly filed because the case was still stayed. Because the Court has resolved Plaintiff's objections, a stay is no longer necessary. However, this case continues to be referred to Judge Wang for general pretrial management. Given that referral, as well as Judge Wang's intensive

9

supervision of and expertise with the progression of discovery in this case, the Court defers to her judgment as to whether "good cause" exists for discovery to be reopened. *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991).

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Wang's orders are dismissed and those orders are affirmed. The stay in this case is lifted. By no later than December 29, 2021, the parties shall file a joint status letter proposing a summary judgment briefing schedule. The Clerk of Court is respectfully directed to terminate the motions at docket numbers 122, 125, 135, and 137 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Date: December 8, 2021
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge