

**Gavin J. Rooney**
Partner

1251 Avenue of the Americas
New York, New York 10020

**T**: 212.419.5853
**F**: 212.262.7402
**E**: grooney@lowenstein.com

November 4, 2022

<u>*Via* ECF</u>

Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1506
New York, NY 10007

Re:   *Fischer v. Verizon New York Inc., et al. /* Docket No. 18-cv-11628

Dear Judge Abrams:

This firm represents Verizon New York Inc. and Verizon Online LLC (collectively "Verizon") in this matter. I am writing this letter motion to request permission to file under seal a motion to enforce a settlement term sheet, which the parties executed after a mediation in August 2022.

I have conferred with opposing counsel on this matter and — despite my understanding that Your Honor's standing orders and indeed the Order in this case [Dkt. No. 161] expressly require that such motions put the terms of the settlement in the public record — Plaintiff's counsel maintains that the motion and related documents must be kept confidential and filed under seal. Thus, in order to avoid a confidentiality dispute with Plaintiff, and out of an abundance of caution given potential confidentiality concerns, Verizon is requesting permission to file its motion papers under seal.

The documents that would be filed under seal are:

(i)   A letter brief in support of the motion, which cites to the terms of the settlement;

(ii)  My declaration in support of the motion, which both cites to and attaches a fully executed term sheet signed by the parties after the mediation was held;

(iii) A proposed form of order that contains the terms of the settlement;

November 4, 2022<br>Page 2

If Your Honor is disinclined to grant this Motion, Verizon respectfully requests entry of a minute order confirming that the motion to enforce should be filed publicly, including the terms of the settlement.

Respectfully submitted,
*/s/ Gavin J. Rooney*
Gavin J. Rooney, Esq.

GJR:ah

Application denied. To the extent that the parties seek an order from the Court to enforce a settlement agreement, the terms of the agreement must be placed on the public record and "so ordered" pursuant to this Court's individual rules. *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (finding that in order to retain jurisdiction to enforce a settlement agreement, a district court must either expressly retain jurisdiction over the settlement agreement or incorporate the terms of the agreement in an order of dismissal). The fact that the parties may have stipulated to a confidential agreement does not overcome the presumption of public access to any settlement agreement the parties wish the Court to enforce. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (denying defendant's motion to seal settlement agreements in connection with motion to compel arbitration). Any motion to enforce the settlement agreement must also be filed publicly. *See, e.g., Alexandria Real Est. Equities, Inc. v. Fair*, No. 11-CV-3694 (LTS), 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011) (denying motion to seal petition to confirm arbitration award). If there are any circumstances that make the foregoing principles inapplicable, the parties shall so advise the Court by letter no later than November 17, 2022, and explain why their request is consistent with the strong presumption in favor of public access to judicial documents as articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

SO ORDERED.

Hon. Ronnie Abrams
11/7/2022